99 N.J. Super. 52 (1968)
238 A.2d 498
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH BURTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1968.
Decided January 29, 1968.
*53 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Charles E. Miller (assigned counsel) argued the cause for appellant.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
*54 The opinion of the court was delivered by CONFORD, S.J.A.D.
Defendant was convicted of receiving stolen goods. The sole ground of appeal urged by assigned counsel is that the search warrant used for searching defendant's room in a Paterson rooming house is defective in that the premises to be searched are designated as "619 East 26th Street, a multi-dwelling apartment house 3rd floor right," (emphasis ours), whereas defendant's room, the premises where the alleged stolen articles were found, as described in the testimony of the police, was on the right side, front, second floor of that building. Defendant relies on State v. Ratushny, 82 N.J. Super. 499 (App. Div. 1964). At the trial assigned trial attorney (different from the attorney on appeal) expressly disclaimed any attack on the search and seizure of property in defendant's room and failed to object to the introduction in evidence of stolen items found there as a result of the search.
The State's brief makes the single point that no timely pretrial motion to suppress the evidence or attacking the warrant was made by defendant, as required by R.R. 3:2A-6. That rule provides that in the absence of a timely motion before trial the claim of illegal search and seizure shall be deemed waived unless the "court finds the defendant could not reasonably have made the motion prior to trial." Counsel for defendant filed no reply brief meeting this assertion and at oral argument said he had no answer to it. However, counsel attached to his brief a "Statement" prepared by defendant pro se, which, although difficult to understand and largely frivolous, does purport to make these points, among others: (1) the trial court excluded all evidence concerning his arrest "because it may create amendment four" (the trial court had excluded cross-examination as to the circumstances of the arrest because the search was not being challenged); (2) defendant's arrest (which resulted in a search of his room) was illegal; (3) defendant should have been granted a "change of counsel"; (4) the attorney knowingly made a "repine [sic] statement of the *55 [search] warrant when he knew it was false," and (5) trial counsel was inefficient in neglecting to protect "the infraction of plaintiff's constitutional right against illegal arrest * * * under the fourth amendment."
At the outset of the trial, at the suggestion of assigned trial counsel, defendant was permitted by the court personally to state his reasons on the record (outside the presence of the jury) for requesting a change of assigned counsel. In addition to one frivolous ground which need not be mentioned, defendant complained that counsel was not attacking the prosecution on the ground of illegal search and seizure. Defendant had concededly been interviewed by assigned counsel on two or three occasions in preparation for trial. He told the court that during that period he had complained to counsel that he had been illegally arrested and he "would want to see the search warrant * * *." Counsel, in effect, admitted this but implied he found no merit in the suggestion. Defendant was told by the court (which had not seen the affidavit and warrant and apparently did not realize other implications of the search and seizure problem since evidence had not yet been adduced concerning the circumstances attending the arrest and the apparent connection of the search question therewith) that the only question then before it on defendant's application was assigned counsel's impartiality and competence, both of which the court deemed satisfactory, and the motion for change of counsel was denied. Before the ruling, however, counsel did say that he had examined the affidavit and warrant and found them proper.
Without expressing or implying any view on the ultimate merits of the question of the validity of the arrest, search and seizure, we are satisfied that arguably meritorious grounds existed for a pretrial motion to suppress on those grounds and that since the present record irrefutably shows that defendant personally had, well in advance of trial, in effect requested that the issue be raised, and the issue is *56 one of constitutional dimension, he is entitled in all fairness to a remand for determination thereof.
The information relevant to the search question available on the existing record is based on the following. According to the police, defendant was found at 2:45 A.M. standing in the driveway of a private home. (He testified he was sitting on the front steps.) Upon interrogation by police he said he was waiting for the expected arrival of the occupant of the house, one "Tommy" (Tommy Kent), in order to regain possession of a bag from him. (Defendant testified he wanted a tool-case he had inadvertently left in Tommy's car earlier in the day.) Tommy arrived some time later, and after a conversation of undisclosed nature between him and the police, the latter arrested defendant as a disorderly person and for "suspicion." They thereupon searched his pocket, finding a paper bag containing "tools * * * that [they] were suspicious of." Defendant was forthwith taken into custody, and after further police investigation of undisclosed nature, a search warrant was issued upon the affidavit of a detective in the police department (not one of the arresting officers) on a printed form which recited the conclusion that there was probable cause to believe that certain property ("properties and paraphernalia stolen in the city of Paterson and other cities and towns") was in and upon the location specified, as stated in the first paragraph of this opinion. The "facts" establishing probable cause were stated: "This defendant now under arrest for being a disorderly person, found in the alleyway 382 East 22d Street Paterson, N.J., a known user of Narcotics had in his possession the tools used to commit [sic] burglaries." In addition to searching defendant's room the searching officers looked through one or two other rooms on the same floor.
Possible search and seizure questions suggested by the foregoing outline are: (a) validity of the arrest of the defendant, to which the search of defendant's person was apparently incidental; (b) whether the subsequent search warrant and search were invalid as the fruit of an illegal arrest *57 and search of defendant's person (if found to be illegal); (c) adequacy of the affidavit to establish probable cause for a search warrant for defendant's abode; (d) adequacy of the specification in the warrant of the premises to be searched in light of the apparent variance from the defendant's actual abode which was searched, and (e) extent of the search made under authority of the warrant.
In remanding in this case we are not to be understood as holding that any failure of trial counsel (even where assigned) to make a pretrial motion to suppress can be overcome on appeal or post-conviction proceedings by a contention that the defendant is not bound by counsel's election or exercise of judgment in the matter. Our ruling here is limited to this particular set of facts and is based upon the irrefutable evidence on the present record that defendant had well in advance of trial expressly requested the search and seizure attack to be made; that several sufficiently colorable grounds for a motion to suppress existed or were ascertainable by reasonable study, and that there is no indication that such a motion was here withheld by counsel for strategic or tactical defense reasons or because, after adequate consideration of all the implications of the question, he advisedly concluded there was inadequate merit in such a motion. There is involved here a potential denial to defendant of due process under Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), and our conclusion in these special circumstances is that the interests of justice, as well as an expeditious determination of the whole prosecution, call for granting defendant at this posture of the matter a judicial test of the validity of the search, within the intent of the saving exception in R.R. 3:2A-6. This record is adequate to establish that defendant did not waive his right to have the search and seizure question presented to the court. See Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Henry v. State of Mississippi, 379 U.S. 443, 450-452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). See also and compare Application of *58 Tomich, 221 F. Supp. 500, 503-504 (D.C. Mont. 1963); Martin v. United States, 101 U.S. App. D.C. 329, 248 F.2d 651 (1957); State v. Wade, 89 N.J. Super. 139, 147 (App. Div. 1965).
The cause is remanded with directions that the Public Defender be assigned as attorney for defendant solely to move to suppress the evidence seized on any Fourth Amendment grounds he sees fit. If the motion is granted, a new trial should be had; if denied, the conviction will stand. Either side losing on the motion is hereby granted leave to appeal as of course. We do not retain jurisdiction.
Remanded in conformity with this opinion.