Donald Dale **HOLT**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 53559.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Henry W. Westbrooke, Jr., Springfield, for appellant.

Norman H. Anderson, Atty. Gen., Arnold Brannock, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Donald Dale Holt was convicted by a jury of the offense of possessing an "apparatus, device or instrument for the unauthorized use of narcotic drugs," and was sentenced to imprisonment for a term of five years. Upon appeal to this court the judgment was affirmed. State v. Holt, Mo., 415 S.W.2d 761. He has now appealed from the denial, after hearing, of his motion pursuant to Supreme Court Rule 27.26, V.A.M.R., to vacate that sentence and judgment.

Appellant's first point is that the trial court was "clearly in error" in ruling that he "did not sustain his burden of establishing his grounds for relief by a preponderance of the evidence, for the record is replete with evidence that appellant was deprived of his constitutional right to be represented by able and adequate trial counsel." This point does not comply with the requirement of Civil Rule 83.05, V.A.M.R., that points relied on, in addition to stating briefly and concisely what actions and rulings of the court are claimed to be erroneous, shall also "briefly and concisely state why it is contended the court was wrong in any action or ruling sought to be reviewed." However, from the argument in appellant's brief we find that "the base of appellant's complaint is the fact that court-appointed trial counsel failed to file a motion to suppress evidence obtained in a search and also failed to object to the admissibility of that evidence during trial." He then asserts that failure to do so caused a waiver of his constitutional rights.

Court-appointed trial counsel was a highly respected member of the Greene County bar and a former assistant prosecuting attorney who had extensive experience in the trial of criminal cases. The evidence referred to constituted the apparatus, devices and instruments which appellant was charged with unlawfully possessing. Counsel did not file a written motion to suppress in advance of trial, but he did discuss the matter with the court in chambers. After an investigation of the facts by trial counsel, and in the exercise of his professional judgment as a lawyer experienced in the trial of criminal cases, he came to the conclusion

that the various items had not been unlawfully seized by the police. For that reason, and because in the pretrial conference the trial court had indicated that its ruling would be to overrule a motion to suppress, counsel did not file a written motion. The judgment on the part of trial counsel was certainly not without support under the circumstances, and the fact that subsequently appointed counsel or appellant with the benefit of hindsight might have a different opinion does not establish lack of effective representation by trial counsel.

In State v. Worley, Mo., 371 S.W.2d 221, in a proceeding under Supreme Court Rule 27.26, the appellant asserted that the failure of his court-appointed trial counsel to file a motion to suppress evidence and his failure to object to the admission of evidence resulted in the denial of effective representation by counsel. In that case, as in the pending case, the trial counsel was a well-known and respected member of the bar. In the Worley case this court assumed, for the purpose of disposing of the contention, that trial counsel adopted what later appeared to be unwise strategy in some respects. We shall so assume in this case, but we make it plain that we do not find that to be a fact. In the Worley case this court commented as follows: "This court 'has consistently followed the rule that "negligence or want of skill of counsel affords no ground for the reversal of even a criminal case [State v. Dreher, 137 Mo. 11, 23, 38 S.W. 567, 569; State v. Selvaggi, 319 Mo. 40, 45, 2 S.W.2d 765, 767]." State v. Mason, 339 Mo. 874, 98 S.W.2d 574, 577.' State v. Childers, [Mo.] * .* * 328 S.W.2d [43] 45. In cases under the federal statute (28 U.S.C.A. § 2255), which is similar to Rule 27.26, the courts have adopted the rule that 'Lack of effective assistance of counsel in the trial of a criminal case constitutes impingement upon a constitutional right of the accused and lays the judgment and sentence open to collateral attack by motion under the statute. But the constitutional right to the effective assistance of counsel does not vest in the accused the right to the services of an attorney who meets any specified aptitude test in point of professional skill. And common mistakes of judgment on the part of counsel, common mistakes of strategy, common mistakes of trial tactics, or common errors of policy in the course of a criminal case do not constitute grounds for collateral attack upon the judgment and sentence by motion under the statute. It is instances in which resulting from the substandard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to collateral attack on the ground that the accused was deprived of his constitutional right to effective assistance of counsel. Mitchell v. United States, 104 U.S.App. D.C. 57, 259 F.2d 787, certiorari denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86; Black v. United States, 9 Cir., 269 F.2d 38, certiorari denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357.' Frand v. United States, 10 Cir., 301 F.2d 102, 103 (1962)."

We do not consider State v. Burton, 99 N.J.Super. 52, 238 A.2d 498, cited and relied on by appellant to require affirmative relief in this case. There trial counsel did not move to suppress evidence, and on direct appeal the court remanded the case for a determination of whether the evidence should have been suppressed. If so, a new trial was ordered; if not, the judgment was affirmed. However, the court stated that it was "not to be understood as holding that any failure of trial counsel (even where assigned) to make a pretrial motion to suppress can be overcome on appeal or post-conviction proceedings by a contention that the defendant is not bound by counsel's election or exercise of judgment in the matter." The ruling in the Burton case was "limited" to the facts of that case, one of which was that there was "no indication" that after adequate consideration of "all the implications of the question, [counsel] advisedly concluded there was inadequate merit in such a motion."

 The burden was on appellant in the hearing on his motion to sustain his right to relief, which in this case required proof of ineffective representation by

counsel at his trial. State v. Warren, Mo., 344 S.W.2d 85. This he did not do. In fairness to his trial counsel we should point out that such evidence as was produced at the hearing on the motion under Rule 27.26, even when considered with the facts brought out at the trial, see State v. Holt, Mo., 415 S.W.2d 761, establishes that trial counsel was correct in his determination that a motion to suppress was not warranted by the facts. However, we make it plain that the correctness of his judgment, reviewed with the benefit of hindsight, is not the basis for our denial of relief in this proceeding under Rule 27.26.

In his motion appellant alleges five other matters which he apparently believed constituted evidence of failure of effective representation. Apparently, in the exercise of his professional judgment, appellant's counsel on this appeal is of the opinion that they are without merit because, although they are set out in the brief, there is no attempt to demonstrate their merit. We have examined them, and they are in fact frivolous and totally lacking in merit.

Appellant's remaining point is that the trial court erred in concluding that his right of appeal was not jeopardized as a result of the trial court's records failing to show the timely filing of a motion for new trial.

■ Certain background facts are helpful. On the appeal from the judgment of conviction the record before this court affirmatively showed that the motion for new trial was not timely filed. For that reason this court refused to rule the merits of a contention therein made pertaining to a voluntary statement by witness Jackie McDaris. See State v. Holt, Mo., 415 S.W.2d 761 at p. 765. As a matter of precaution, this court before so ruling inquired of the clerk of the circuit court where the trial occurred and was informed that there was no record of an extension of time within which to file the motion. It is now admitted by all parties that an extension was in fact granted by the trial court, although for some unexplained reason no record of

the extension was made, and that the motion was timely filed. Therefore, when in the consideration of the original appeal this court ruled that it could not consider the assignment of error because the motion for new trial had not timely been filed, it was operating under a mistake of fact not appearing on the records, which error of fact was not known to appellant, and which if known to the court would have prevented the entry of the judgment which was entered if the assignment of error which was not ruled on its merits demonstrated prejudicial error. We shall consider the allegations in the motion under Rule 27.26 pertaining to this issue to be an application for a writ of error coram nobis, see Norman v. Young, Mo., 301 S.W.2d 820, and we shall review in this proceeding such matters as appellant contends should have been reviewed on the appeal from the judgment and conviction, but which were not ruled on their merits because of the mistake of fact pertaining to the timeliness of his motion for new trial.

■ The only issue now presented which appellant asserts should have been ruled on the previous appeal, and which was not ruled on its merits, pertained to a voluntary statement in an answer of witness Jackie McDaris. The point in appellant's brief on the previous appeal was as follows: "The trial court erred in overruling Appellant's motion for mistrial and discharge of the jury." This was insufficient to preserve any issue for appellate review, and the issue could now be disposed of on that basis. However, from the argument portion of the brief filed in the previous appeal it appears that reference was made to the following incident. Jackie McDaris, a witness for the state, was asked "how many times" she had seen appellant "go through this operation" of boiling paregoric, pouring the residue through cotton, and placing it in a hypodermic needle for injection in his arm. The witness answered, "Well, just once before, that's the first time he was arrested for it." The court sustained an objection and instructed the jury to dis-

regard "that voluntary statement," but refused to declare a mistrial. We note that at the close of all the evidence the court and counsel for appellant and for the state conferred in chambers about this incident. The court inquired of the state's counsel whether he had any reason to believe that the comment would be volunteered, and as the result of this inquiry the court was satisfied that the statement was strictly voluntary on the part of the witness. After the discussion the court stated that under all the circumstances it was of the opinion that it was proper to refuse the request for a mistrial.

We shall now review the merits of appellant's contention that the refusal of the trial court to declare a mistrial because of the voluntary remark of the witness requires a reversal of the judgment, and in doing so we will review this matter precisely the same as would have been done upon the original appeal from the judgment of conviction. We have read carefully the argument and cases cited pertaining to this point in the brief of appellant which was filed in his original appeal.

■■■■ Appellant argued that the voluntary statement by Jackie McDaris constituting a showing that he was guilty of a separate offense, and we agree that that is not an unreasonable inference. We also agree that the objection to the statement was properly sustained by the trial court. State v. Atkinson, Mo., 293 S.W.2d 941. However, every error which might occur in the trial of a case does not necessarily require the granting of a mistrial. State v. Camper, Mo., 391 S.W.2d 926. The declaration of a mistrial is a drastic remedy, and the power of a trial court in this respect "should be exercised only in extraordinary circumstances." State v. James, Mo., 347 S.W.2d 211. Stated another way, "a mistrial should be granted only when the incident is so grievous that the prejudicial effect can be removed no other way." State v. Camper, supra. For this reason, the declaration of a mistrial necessarily and properly rests largely in the discretion of the trial court who observed the incident giving rise to the request for a mistrial, and who is in a better position than an appellate court to evaluate the prejudicial effect and possibility of its removal short of a mistrial. The proper function of an appellate court in the situation we have before us is to determine whether as a matter of law the trial court abused its discretion in refusing to declare a mistrial. State v. Smith, Mo., 431 S.W.2d 74, 83.

■■■ We have found two cases involving voluntary statements by a witness when the issue on appeal was whether it was an abuse of discretion on the part of the trial court to refuse a mistrial. In State v. Adamson, Mo., 346 S.W.2d 85, the witness volunteered the statement that he "passed some checks in St. Louis that came through" the defendant, which clearly indicated a separate offense by defendant. This court reviewed the rules above set out pertaining to the discretion vested in the trial court and our scope of review, and it then held that there was no abuse of discretion in refusing a mistrial. In State v. Statler, Mo., 331 S.W.2d 526, a similar situation was before this court and the same result was reached. The result of these two cases is that such voluntary statements as occurred in this case do not necessarily require a mistrial, but that the trial court, in its discretion, can determine that the prejudice can be removed by less drastic action, and that the issue on review is whether in its determination that the less drastic action was sufficient, the trial court abused its discretion.

When we consider all the circumstances in this case, the fact that the statement was unquestionably voluntary on the part of the witness, that the trial court immediately sustained the objection and instructed the jury to disregard the volunteered portion, and also that after the close of all the evidence the court again gave careful consideration to whether the remedial action taken was sufficient to remove the prejudice, we cannot, in the proper exer-

cise of our reviewing function, rule that the trial court abused its discretion.

Notwithstanding that by reason of an error of fact the assignment in the motion for new trial which was presented in a point in appellant's brief (although inadequately) was not considered on its merits on the original appeal, if it had been then so considered the decision of this court would have been the same as that entered. For that reason appellant's motion pertaining to this issue, which we have considered as an application for a writ of error coram nobis, is without merit.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH, P. J., DONNELLY, J., and GODFREY, Special Judge, concur.

EAGER, J., not sitting.