**STATE of Missouri, Respondent,**

v.

**Charles D. ORR, Appellant.**

**No. 9235.**

Missouri Court of Appeals,
Springfield District.

March 23, 1973.

Motion for Rehearing or to Transfer to the
Supreme Court Denied April 9, 1973.

Application to Transfer Denied May 14, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Shaw & Howlett, Clayton, for appellant.

TITUS, Chief Judge.

A New Madrid County jury found defendant guilty of burglary in the second degree (§ 560.070, RSMo 1969, V.A.M.S.) and assessed his punishment at 10 years. § 560.095(2) RSMo 1969. After defendant's motion for a new trial was denied, the trial court executed the requirements of Rule 27.09, V.A.M.R., rendered judgment and pronounced sentence compatible with the verdict. Defendant appealed.

Richard Drerup, d/b/a Trader Dick, operated an emporium in Portageville. Near 11 p. m., April 28, 1971, he was asleep at home when a burglar "alarm went off in my bedroom." The alarm was designed to sound atop the store, at the city hall and in the proprietor's home whenever an entry was made into that portion of the store containing firearms and ammunition. Drerup hied himself to the establishment where he was met by two Portageville police officers. The trio discovered the front door was locked and that the garage-type "back door was pulled down but there was a little panel busted out of [it] right where they could flip [a] switch to unlock the door." While one of the officers remained at the back door, Drerup and the other policeman conducted a fruitless search of the premises before calling upon the highway patrol for assistance. Three members of the patrol arrived and, following a further search, defendant and one Harris were found hiding behind rolls of linoleum that were standing on end and leaning against a wall. Harris was possessed of a pair of gloves and a bumper-jack handle; defendant was wearing jersey gloves and, according to Corporal Enderle, was holding a gun in "his hand . . . down beside him."

## I.

Defendant's initial point relied on complains that Instruction No. 2 did not "contain an adequate general converse" in that it concluded with the words "and unless you find the facts to be you will acquit the defendant of burglary in the second degree," rather than with the wording "propounded by the Missouri Bar Draft or Pattern Criminal Instructions" which are

"more accurate and understandable." The point is not reviewable. Rule 84.04(e), made applicable to criminal cases by Rule 28.18 [State v. Warren, 469 S.W.2d 662, 663 (Mo.App.1971)], requires that when a point relates to the giving of an instruction, "such instruction shall be set forth in full in the argument portion of the brief." Instruction No. 2 does not appear in any portion of the defendant's brief. In addition, the point is penned without citation of authority and the argument portion of the brief, consisting of a simple paragraph, contains the admission that "there is no case law stating that a general converse in the form [as contained in Instruction No. 2] is prejudicial error, and indeed the cases have approved such a general converse." When a point appears without citation of authority and little or no argument, it has not been preserved for appellate review. State v. Warters, 457 S.W.2d 808, 811[2] (Mo.1970). Nevertheless, if we were to consider the point on its merits, it would suffice to say that a converse instruction is not a part of the law of the case on which the court must charge whether requested or not. If a defendant wants a more pre-. cise converse than the admittedly approved and time honored one contained in Instruction No. 2, he must formulate and offer a proper one. State v. Smith, 485 S.W.2d 461, 468 (Mo.App.1972). As defendant did not proffer such an instruction, we cannot now hear his complaint.

## II.

 The second "point" made by defendant is that the court erred "when it failed to give certain instructions required as part of the law of the case, even though not requested. The court should have given an instruction on circumstantial evidence because of the circumstantial nature of the plaintiff's evidence." Defendant is wrong on several scores. In the first place, and assuming this was a purely circumstantial case, which it is not, the effect of or the weight to be given by the jury to circumstantial evidence is a collateral issue.

State v. Michael, 361 S.W.2d 664, 665 (Mo.1962). Even if the State's case reposed *wholly* upon circumstantial evidence, the giving of a circumstantial evidence instruction would be mandatory only if a proper request for same had been made by the defendant, and no such request was made in this cause. State v. Spica, 389 S.W.2d 35, 52–53[26] (Mo.1965), cert. denied, 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed. 2d 312. But although the State's evidence may have consisted *substantially* of circumstantial evidence or was *largely* circumstantial, it is not mandatory to give an offered instruction on circumstantial evidence where there is also some direct evidence of defendant's guilt. State v. Mace, 429 S.W.2d 734, 738[2] (Mo.1968), cert. denied, 393 U.S. 1122, 89 S.Ct. 1003, 22 L. Ed.2d 128; State v. Slay, 406 S.W.2d 575, 579[3] (Mo.1966). As applicable to the factual situation here, the elements of the offense of burglary in the second degree are a breaking and entering of a building in which any goods, wares, merchandise, or other valuable thing are kept or deposited, with the intent to steal or commit any crime therein. The evidence of the breaking in order to effect an entrance into Trader Dick's building was circumstantial, but the evidence anent the discovery of defendant hiding in the store and thus being found upon the premises was direct evidence of the fact of an entry. Under these circumstances no instruction on circumstantial evidence was necessary, particularly in view of the fact no request for such an instruction had been made. State v. Butler, 353 S.W.2d 698, 699 and 700–701[8] (Mo.1962).

## III.

 Defendant's penultimate and final "points" are that the trial court erred in refusing "defendant's request for an interlocutory hearing on the admissibility of State's Exhibit B [a revolver]," erred by admitting the exhibit "over defendant's objection that the State did not establish a

proper chain of custody," and erred when "it admitted State's Exhibit B, a revolver, into evidence." These points do not state "why" it was error for the trial court to refuse the hearing or "why" it erred in admitting the exhibit, all as required by Rule 84.04(d). Therefore, these points are insufficient to preserve any issue for appellate review. Holt v. State, 433 S.W.2d 265, 268[5] (Mo.1968). Moreover, the first portion of the "points" was not assigned as error in the motion for new trial, and, hence, was not preserved for review. State v. Nolan, 423 S.W.2d 815, 817–818[4] (Mo.1968). However, to avoid the charge often heard that courts dispatch appeals on "legal technicalities," we have seined the transcript on appeal and the argument portion of defendant's brief to ascertain what was intended by the "points." The evidence as to Exhibit B is that when Corporal Enderle found defendant hiding in the store, he took the revolver from defendant's hand and delivered it to Trooper Campbell who "brought it and gave it to [Deputy Sheriff] Walter Ivy." Upon receipt of the gun, the deputy sheriff had it locked in the sheriff's safe where it remained until delivered to the prosecuting attorney. There is some discrepancy in the evidence, because of various writings on the tag attached to the exhibit, as to the date and time the trooper may have delivered the revolver to the deputy, and this apparently is the basis for defendant's objection that no "chain of custody" of such exhibit was shown. The chain of control, custody or possession requirement is to prevent alteration of or tampering with exhibits or any substitution. But it is not required that some witness must have continually kept a watch on the exhibit or retained it in his personal possession. State v. Rose, 428 S.W.2d 737, 740[2–3] (Mo.1968). We need not detail all of the evidence in this case relative to the chain of custody for the reason that all of the witnesses who were present at the store on the night in question, identified the exhibit as being the gun they saw that night. Also, when the defendant was asked: "Have you ever seen this gun before?", he answered, "I saw it the night the Trooper Campbell had it." When the exhibit itself is susceptible to positive identification in a singular sense and has been specifically identified by those actually involved in the crime, chain of custody becomes an irrelevant issue. State v. Granberry, 484 S.W.2d 295, 300–301[13–14] (Mo. banc 1972). Finally, the substance of defendant's argument on his last point is that his possession of the revolver was not an element of the offense of burglary in the second degree and that the gun, as an exhibit, was not material or relevant to any issue in the case; therefore, its admission into evidence was highly prejudicial. The revolver defendant was holding when apprehended inside the store was not claimed to belong to the owner of the emporium. Although there was no direct evidence connecting defendant or Harris with ownership of the revolver, defendant's possession of a revolver inside the store, coupled with the other evidence, furnished a basis for a reasonable finding by the jury that the revolver was in his or Harris' possession when they entered the store. State v. Lindner, 282 S.W.2d 547, 552[7] (Mo. 1955). As said before, the charge of second degree burglary involves a breaking and entering "with the intent to steal or commit any crime therein." § 560.070, supra. The fact that defendant or Harris was possessed of a revolver when they broke and entered the building would evidence some intent on their part to steal or commit some other crime while they were there. The revolver was properly admitted into evidence to show defendant's intent. State v. Yager, 416 S.W.2d 170, 174[6] (Mo.1967).

The judgment is affirmed.

STONE, HOGAN and BILLINGS, JJ., concur.