**Michael A. DAVIS, Movant–Appellant,**

v.

**STATE of Missouri, Defendant–Respondent.**

**No. 15588.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 21, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 5, 1988.

Application to Transfer Denied Nov. 15, 1988.

Donald L. Clough, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PREWITT, Judge.

Movant entered pleas of guilty to two charges of sodomy set forth in two counts of an information. He was sentenced to twenty years on each count with the sentences to run concurrently. Thereafter he filed a motion under Rule 27.26 seeking to vacate the conviction. The trial judge made findings of fact and conclusions of law and entered judgment denying the motion without an evidentiary hearing. Movant appeals.[1]

Appellate review of a Rule 27.26 motion is limited to determining whether the findings and conclusions of the trial court are clearly erroneous. *Bailey v. State,* 738 S.W.2d 577, 578 (Mo.App.1987); Rule 27.26(j). An evidentiary hearing is not required on a Rule 27.26 motion unless the movant alleges facts, not conclusions warranting relief; those facts are not refuted by the records in the case; and prejudice to the defendant occurred as a result. *Boggs v. State,* 742 S.W.2d 591, 594 (Mo. App.1987).

---

1. Although Rule 27.26 was repealed effective January 1, 1988, this proceeding continues to be governed by that rule as sentence was pronounced prior to January 1, 1988 and movant's motion was pending prior to that date. Rule 24.035(*l*).

Movant entered his plea following a plea bargain agreement. He now claims that the plea was not voluntary because it was coerced by his attorney and the assistant prosecuting attorney. The record of movant's guilty plea hearing refutes this contention. It establishes that his plea was knowingly and voluntarily made. When the record shows conclusively that the defendant "knowingly and voluntarily" pleaded guilty, denial of an evidentiary hearing on that issue is proper. *Hurd v. State*, 735 S.W.2d 438, 439 (Mo.App.1987).

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.