**William McCLURE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 17003.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 17, 1991.

Brad B. Baker, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant was charged with the rape of his step-daughter. On June 2, 1987, he withdrew his previous plea of not guilty and entered a plea of guilty. He was sentenced to 10 years' imprisonment.

On November 10, 1987, he filed a motion under Rule 27.26 seeking to vacate the conviction and sentence. Although Rule 27.26 was repealed, effective January 1, 1988, this proceeding continues to be governed by that rule as sentence was pronounced prior to January 1, 1988, and movant's motion was pending prior to that date. Rule 24.035(*l*).

Following an evidentiary hearing, at which movant was the only witness, the trial court made findings of fact, conclusions of law, and entered judgment denying the motion. Movant appeals.

Appellate review of a Rule 27.26 motion is limited to determining whether the findings and conclusions of the trial court are clearly erroneous. *Davis v. State,* 759 S.W.2d 382 (Mo.App.1988). Movant had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

Movant presents one point, contending that the trial court erred because his plea of guilty was involuntary as he was denied the effective assistance of counsel. He contends his attorney failed "to adequately investigate and prepare a defense for appellant."

After a plea of guilty, the effectiveness of counsel is relevant only as it affects the voluntariness of the plea. *Wesson v. State,* 768 S.W.2d 160, 162 (Mo.App. 1989). Credibility of movant was for the trial judge, and he could disbelieve movant's testimony, even where uncontradicted. *Trimble v. State,* 588 S.W.2d 168, 170 (Mo.App.1979).

The trial court found that movant failed to meet his burden of proof and his

attorney provided effective assistance of counsel. The court found that movant was apprised of his rights before the guilty plea, apprised of the consequences of the plea bargain and voluntarily and knowingly entered a plea of guilty.

An examination of the record reveals that the trial court's findings, conclusions, and judgment were not clearly erroneous.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.