Ronald BANDY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 45359.

Missouri Court of Appeals,
Western District.

Sept. 8, 1992.

**94**

John Klosterman, St. Louis, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

PER CURIAM.

For the second time, Ronald Bandy appeals the denial of Rule 24.035 relief on the same conviction. At issue is the propriety of appellate review of the substantive claims presented in what appears to be a successive motion.

In 1986 Bandy pleaded guilty to first degree robbery and armed criminal action, and was sentenced to prison terms totaling ten years to be served consecutively to a prior Kansas sentence. While serving his Kansas sentence, Bandy filed his first Rule 24.035 motion on July 11, 1988. The motion court summarily denied the proceeding. In the appeal that ensued, Bandy challenged the constitutionality of the time provisions of Rule 24.035(*l*) which required persons sentenced before 1988 to file by June 30, 1988. We affirmed the denial of the first motion in *Bandy v. State,* 780 S.W.2d 719 (Mo.App.1989).

Within ninety days after his transfer from Kansas to Missouri custody in 1991, Bandy filed his second Rule 24.035 motion. Appointed counsel filed an amended motion, and the court granted an evidentiary hearing at which Bandy testified. The court concluded that the first motion had been untimely filed and acknowledged the affirmance of its denial on appeal. Nevertheless, the court issued findings and conclusions on the substantive claims presented in Bandy's second motion before denying postconviction relief.

Our initial concern is whether Bandy's second motion is a successive motion. Rule 24.035(k) explicitly prohibits the circuit court from entertaining successive motions. Therefore, substantive claims presented in successive motions cannot be considered in the motion court or on appeal. The state argues that Bandy presents nothing amenable to appellate review because his first Rule 24.035 motion was denied, and because that denial was affirmed on appeal. According to the argument, all matters relating to Bandy's right to postconviction relief were conclusively decided and rejected in the first appeal. Bandy insists that recent case law requires review of his substantive claims.

The doctrine of the law of the case governs successive appeals involving substantially the same issues and facts. *State v. Phillips,* 324 S.W.2d 693, 694 (Mo. 1959). Under the doctrine, the appellate decision becomes the law of the case in subsequent proceedings of the same cause. *Davis v. J.C. Nichols Co.,* 761 S.W.2d 735, 738 (Mo.App.1988). Its operation normally precludes re-examination of issues decided in the original appeal. *Laclede Inv. Corp. v. Kaiser,* 596 S.W.2d 36, 40 (Mo.App.1980). The doctrine is nevertheless a rule of policy and convenience, a concept that involves discretion. *Pathway Financial v. Schade,* 793 S.W.2d 464, 469 (Mo.App.1990). Thus, an appellate court has discretion to refuse to apply the doctrine where the first opinion arose from mistake or resulted in manifest injustice, *Williams v. Ford Motor Co.,* 454 S.W.2d 611, 614 (Mo.App.1970), or

where a change in the law intervened between the appeals *Enyeart v. Shelter Mut. Ins. Co.*, 784 S.W.2d 205, 209 (Mo.App. 1989).

A just refusal of an appellate court to apply the doctrine of the law of the case in a criminal appeal is illustrated in *Holt v. State*, 433 S.W.2d 265, 268 (Mo.1968). The successive appeals involved in *Holt* were the appeal from judgment of conviction and the appeal from denial of post-conviction relief on the same conviction. In the direct appeal, the Court refused to consider the merits of a claim of error because of the untimely filing of the motion for new trial. In the post-conviction appeal, when presented with the same substantive claim, the court recognized it had erred in finding the motion for new trial untimely, and determined the merits of the substantive claim presented in the first appeal. *Id.*

■ In Bandy's case, clarifications in the law between his two appeals raise questions about the correctness of the first appeal and the fairness of applying the doctrine of the law of the case to preclude review of the second appeal. Bandy's first appeal rests on the express determination that his Rule 24.035 motion filed on July 11, 1988, was untimely. That determination rested on the explicit language of Rule 24.035(*l*) that persons sentenced before 1988 waived any right to proceed under the rule, unless they filed their motions by June 30, 1988. Also significant in that appellate determination is the absence in Rule 24.035(*l*) of any reference to delivery to custody.

However, the Missouri Supreme Court clarified the sense of Rule 24.035(*l*) in *Thomas v. State*, 808 S.W.2d 364 (Mo. banc 1991), decided after Bandy's first appeal. *Thomas* declared that the transition provisions of Rule 24.035(*l*) were not intended to terminate the opportunity for post-conviction review of those persons who were sentenced before 1988 and who had not been delivered to the actual physical custody of the Missouri Department of Corrections. *Id.* at 365–66. Under *Thomas*, persons in that class have until ninety days after their physical delivery to custody to

file their Rule 24.035 motions. *Id.* at 366. Although *Thomas* involved a movant whose probation was revoked, its holding controlled in a case where the movant was not initially placed in Missouri custody. In *McCampbell v. State*, 816 S.W.2d 681, 682 (Mo.App.1991), the movant, who was sentenced in 1986 on a Missouri conviction, first completed a Florida sentence, then was transferred to the Missouri Department of Corrections in 1990. After reconsideration in light of *Thomas*, the Eastern District found McCampbell's Rule 24.035 motion timely because he filed it within ninety days after his delivery to Missouri custody. *McCampbell*, 816 S.W.2d at 682.

■ From this point of vantage after *Thomas* and *McCampbell*, we now discern that Bandy timely filed his second Rule 24.035 within ninety days after his delivery to Missouri custody in 1991. Thus, strict application of the doctrine of the law of the case would result in injustice to Bandy. Unlike the movants in *Thomas* and *McCampbell*, Bandy would be penalized for filing his first motion before his delivery to Missouri custody and for attempting to comply with the literal terms of Rule 24.035(*l*), which were later clarified by case law. A just refusal to apply the doctrine of the law of the case allows us to give effect to the subsequent judicial clarifications of Rule 24.035(*l*) to Bandy's circumstances. For Rule 24.035 movants not in Missouri custody, the timeliness of filing is determined by the date of their physical delivery to Missouri custody, not by the date of their sentencing. *Thomas*, 808 S.W.2d at 365–66; *McCampbell*, 816 S.W.2d at 682.

■ We conclude accordingly that Bandy's first Rule 24.035 motion filed while in Kansas custody was not untimely, but was prematurely filed. Because of its prematurity, Bandy's first Rule 24.035 motion should have been dismissed without prejudice. *Hopkins v. State*, 802 S.W.2d 956, 958 (Mo.App.1991). A premature motion fails to evoke the prohibition against successive motions of Rule 24.035(k). We proceed to review Bandy's substantive claims presented in his second Rule 24.035 motion now on appeal.

In the Rule 24.035 proceedings, Bandy asserted that his guilty plea was involuntary because his defense counsel had misinformed him that the Missouri Board of Probation and Parole would run his Kansas and Missouri sentences concurrently upon application, and because Bandy's use of prescribed medication had impaired his judgment at the guilty plea hearing. At his evidentiary hearing on the Rule 24.035 claims, Bandy relied on his own testimony. In denying relief, the motion court found that Bandy's testimony on defense counsel's misinformation was not believable, and that Bandy's use of the medication had no influence on his ability to make a knowing and intelligent decision.

We reject Bandy's contention that the motion court clearly erred in denying post-conviction relief. As trier of fact, the motion court was entitled to determine the credibility of Bandy's testimony; and on that determination, the motion court could reject Bandy's claim that counsel misadvised him. *McClure v. State*, 801 S.W.2d 801, 802 (Mo.App.1991). Other evidence contradicted Bandy's claim of reliance on erroneous advice. At his evidentiary hearing, Bandy recognized admissions made when entering his guilty plea: (1) that the plea agreement provided for consecutive sentences and (2) that he had received no other promises regarding the length or order of his sentences.

Bandy's Rule 24.035 testimony also refutes his claim that his use of prescribed medication tainted the voluntariness of his guilty plea. At his evidentiary hearing, Bandy recognized his disclosure, made at the plea proceeding, of his use of Elavil; he further acknowledged his statement that the drug had had no effect on his mental capabilities. That testimony provides a sufficient basis for the motion court's denial of the claim. Recent drug ingestion fails to invalidate a guilty plea where the individual remains able to understand and to assent freely to his conviction. *Tyler v. State*, 787 S.W.2d 778, 780 (Mo. App.1990).

We conclude that the motion court's denial of Bandy's substantive claims was not clearly erroneous. Rule 24.035(j). The judgment is affirmed.