**Zane B. EDGINGTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 46857.**

Missouri Court of Appeals,
Western District.

Aug. 31, 1993.

FENNER, Judge.

Appellant, Zane Edgington, appeals from an order entered on February 19, 1992 by the Circuit Court of Jackson County, Missouri, summarily dismissing appellant's *pro se* Rule 24.035 motion pursuant to Rule 24.-035(k).

The facts leading up to this appeal are as follows: On February 27, 1990, appellant pled guilty to two counts of robbery in the first degree. A presentence investigation was ordered. Prior to the sentencing proceedings, appellant committed more robberies resulting in additional criminal charges being filed against him. On April 24, 1990, appellant was sentenced to two concurrent fifteen-year terms in the custody of the Missouri Division of Adult Institutions.

On November 13, 1990, appellant filed a *pro se* motion to vacate, set aside or correct the judgment or sentence, pursuant to Rule 24.035. By order dated November 26, 1990, counsel was appointed to represent the appellant in his postconviction relief effort. On January 25, 1991, counsel for appellant filed an amended Rule 24.035 motion.[1] Respondent, the State of Missouri, filed a motion to dismiss appellant's Rule 24.035 motion on February 8, 1991.

On March 18, 1991, the trial court entered an order, together with findings of fact and conclusions of law, overruling appellant's Rule 24.035 motion and dismissing the cause without prejudice. In the second paragraph of the court's Conclusions of Law, the court found that the appellant "has no standing at the present time to file a 24.035 motion" because the appellant "has not yet been delivered to the department of corrections." The court stated that Rule 24.035 requires that the movant file his post-conviction motion "after the movant has been delivered to the department of corrections." In the third paragraph of the court's Conclusions of Law, the court stated that even if the court were to find that appellant had standing, he would still not be entitled to an evidentiary hearing. Thus, the court, despite its finding that appellant had no standing to file a Rule 24.035

Jacqueline K. McGreevy, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

---

1. We note that while a copy of appellant's amended Rule 24.035 motion appears as an Appendix to appellant's brief, neither the appellant's original *pro se* motion nor the amended motion is contained in the legal file that was filed by the appellant on this appeal.

motion, went on to address the merits of appellant's *pro se* and amended motions.

The appellant timely filed his notice of appeal to this court, but subsequently filed a motion to dismiss his appeal. On September 19, 1991, this court sustained appellant's motion, and ordered the appeal dismissed.

On January 9, 1992, appellant filed a second *pro se* Rule 24.035 motion, raising several of the same grounds he alleged in his original motion. On February 19, 1992, the trial court entered an order dismissing appellant's motion as a successive motion prohibited by the provisions of Rule 24.035(k). This appeal followed.

Appellant's first point on appeal is dispositive. In his first point, appellant argues that the motion court clearly erred in overruling appellant's second *pro se* motion for postconviction relief as a successive motion barred by Rule 24.035(k). Appellant essentially argues that because his original Rule 24.035 motion was prematurely filed, his second motion should not have been treated as a successive motion.

■ Appellate review of a trial court's action on a postconviction relief motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Edmonds v. State,* 819 S.W.2d 90, 91 (Mo.App.1991); Rule 24.035(j). They will be considered clearly erroneous if, upon review of the entire record, the "appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App. 1988) (quoting *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App.1985)).

■ Rule 24.035(k) explicitly prohibits the circuit court from entertaining successive motions. *Bandy v. State,* 847 S.W.2d 93, 94 (Mo.App.1992). Thus, substantive claims presented in successive motions cannot be considered in the motion court or on appeal. *Id.* The State argues that appellant's second

*pro se* Rule 24.035 motion was a successive motion since the appellant had filed a previous Rule 24.035 motion. The State further argues that there is nothing in the record to support the trial court's finding that the original Rule 24.035 motion was filed prematurely, *i.e.,* prior to the appellant being delivered to Missouri custody.[2] The State contends that even if the original Rule 24.035 motion was filed prematurely, the court's denial of the motion was not based solely on that fact; rather, the court also addressed the merits of the original Rule 24.035 motion and concluded that the appellant was not entitled to an evidentiary hearing.

■ For Rule 24.035 movants not in Missouri custody, the timeliness of filing is determined by the date of their physical delivery to Missouri custody, not by the date of their sentencing. *Bandy,* 847 S.W.2d at 95 (citations omitted). In *Bandy,* the appellant filed his first Rule 24.035 motion before being delivered to Missouri custody. *Id.* at 94. The motion court summarily denied the proceeding, and this decision was affirmed on appeal. *Id.* at 94. The appellant then filed his second Rule 24.035 motion within ninety days after his transfer to Missouri custody. *Id.* at 94. After appointed counsel filed an amended motion, the trial court granted an evidentiary hearing at which the appellant testified. *Id.* at 94.

The court in *Bandy* concluded that the appellant's first Rule 24.035 motion was prematurely filed. *Id.* at 95. The court stated that because of its prematurity, the appellant's first Rule 24.035 motion should have been dismissed without prejudice. *Id.* at 95. The court further stated that "[a] premature motion fails to evoke the prohibition against successive motions of Rule 24.035(k)." *Id.* at 95.

■ We find *Bandy* to be controlling. In the case at bar, the appellant's original Rule 24.035 motion, filed before his delivery to Missouri custody, was premature. As such,

---

**2.** We need not address the State's contention that the record failed to support the trial court's finding that appellant had not been delivered to Missouri custody at the time that he filed his original Rule 24.035 motion. In its order dated March 18, 1991, the trial court stated that the appellant was detained in the Jackson County jail on another charge at the time that he filed his original Rule 24.035 motion. Absent evidence to the contrary, we presume the trial court's finding to be valid.

the original motion "fails to evoke the prohibition against successive motions" under Rule 24.035(k). Therefore, appellant's second Rule 24.035 motion was not a successive motion. The trial court clearly erred in finding appellant's second Rule 24.035 motion to be a successive motion prohibited under Rule 24.035(k).

The trial court's denial of appellant's second Rule 24.035 motion is reversed, and this cause is remanded. On remand, we direct the trial court to consider the merits of appellant's Rule 24.035 motion.

All concur.