Demetrius JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 75475.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 10, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 5, 1999.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

On October 30, 1997, Demetrius Jones (Movant) pleaded guilty to first degree burglary in violation of section 569.160, RSMo 1994.[1] The trial court sentenced him to fifteen years of imprisonment, subject to the 120–day call-back rule, section 559.115, RSMo Cum.Supp.1998. When the court denied probation after he served 120 days, Movant filed a Rule 24.035 motion for post-conviction relief. Movant appeals the judgment denying that motion without a hearing.

On appeal, Movant asserts he should have received a hearing on his claim that his counsel informed him that he would receive probation after 120 days "no matter what." In response, the State asks this Court to vacate the trial court's judgment and remand for the court to dismiss Movant's motion because it was not timely filed. The State first raises the issue of lack of timeliness on appeal in its Respondent's brief and the motion court did not consider it. However, the issue of timeliness is jurisdictional and may be raised for the first time on appeal. *Gladden v. State*, 966 S.W.2d 314, 314 (Mo.App. E.D.1998).

---

1. Movant also pleaded guilty to two misdemeanor offenses, third degree assault and first degree trespass in violation of sections 565.070 and 569.140, RSMo 1994, respectively. These misdemeanor offenses are not the subject of this appeal.

A Rule 24.035 motion must be filed within 90 days after a defendant is physically delivered to the Missouri Department of Corrections. Rule 24.035(b). Movant filed his *pro se* Rule 24.035 motion on May 26, 1998. In his motion, Movant alleged he was delivered to the Department of Corrections on November 3, 1997. Our review of the record provided does not reveal any other possible date of delivery. Movant's motion was clearly filed outside the time limits set forth in subsection (b) of Rule 24.035.

Moreover, Movant did not file a reply brief refuting the State's contention his motion was untimely. Movant carries the burden of pleading and proving the timeliness of his motion. *Martin v. State*, 895 S.W.2d 602, 604 (Mo.App. E.D.1995). Movant has failed in his burden, by failing to plead or prove his motion was timely filed. As a result, the motion court technically erred in considering Movant's motion on the merits.

The time limits of Rule 24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). Failure to plead and prove a timely motion constitutes a complete waiver of Movant's right to proceed under the rule. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989).

The judgment is vacated and remanded for dismissal of the motion under Rule 24.035. *See, Hardy v. State*, 974 S.W.2d 533, 534 (Mo.App. E.D.1998).

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.