**Calvin MITCHELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 76697.**

Missouri Court of Appeals, Eastern District, Division Three.

March 21, 2000.

S. Paige Canfield, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

CLIFFORD H. AHRENS, Judge.

Calvin Mitchell ("Movant") appeals the denial of his Rule 24.035 post-conviction motion without an evidentiary hearing. Movant asserts the trial court clearly erred in denying his motion without an evidentiary hearing because he suffered from ineffective assistance of trial counsel. Because the Rule 24.035 post-conviction motion was filed out of time, we vacate the judgment and remand for dismissal.

After entering a plea of guilty, movant was convicted of one count of forgery, pursuant to section 570.090 RSMo (1994), and sentenced to five years' imprisonment which was to be served consecutively with a sentence movant was already serving. Movant was delivered to the Department of Corrections on February 26, 1996.

On May 31, 1996, movant filed a Rule 24.035 motion to vacate, set aside or correct the judgment or sentence. The motion court denied movant's motion without an evidentiary hearing, finding movant received effective assistance of counsel and his plea of guilty was knowingly and voluntarily made. This appeal follows.

A Rule 24.035 motion must be filed within 90 days after a defendant is physically delivered to the Missouri Department of Corrections. Rule 24.035(b), *Jones v. State*, 2 S.W.3d 825, 826 (Mo.App. 1999). The time limits of Rule 24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions. *Id.* Failure to file a timely motion constitutes a complete waiver of the right to proceed under the rule. *Id.* Moreover, the issue of timeliness is jurisdictional and may be raised for the first time on appeal. *Id.* at 825.

Movant was delivered to the Missouri Department of Corrections on February 26, 1996. He filed his Rule 24.035 post-conviction motion on May 31, 1996, ninety-five days later. This motion was filed out of time and should have been summarily dismissed by the motion court. The motion court technically erred in con-

sidering movant's motion on the merits. *See Jones,* 2 S.W.3d at 826.

The judgment is vacated and remanded for dismissal of the motion under Rule 24.035.

RICHARD B. TEITELMAN, P.J., concurs.

LAWRENCE E. MOONEY, J., concurs.