Kindel A. **WRIGHT**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. WD 59825.

Missouri Court of Appeals,
Western District,
Division Two.

March 19, 2002.

Sarah Weber Patel, Kansas City, for Appellant.

Andrew W. Hassell, Assistant Attorney General, Jefferson City, for Respondent.

Before JOSEPH M. ELLIS, P.J., EDWIN H. SMITH and VICTOR C. HOWARD, JJ.

JOSEPH M. ELLIS, Judge.

Kindel A. Wright appeals the order of the trial court dismissing his Rule 24.035 motion as untimely.

On May 29, 1998, Wright was charged in the indictment with second-degree drug trafficking, § 195.223.[1] On October 8, 1998, Wright entered a guilty plea and a presentencing investigation was ordered. Before Wright was sentenced for the drug offense, he was charged on March 26, 1999, with second-degree burglary, § 569.170. On August 27, 1999, Wright entered a guilty plea to the burglary charge. The court sentenced him to seven years for burglary and ten years for drug trafficking and ordered the sentences to run concurrently.

On September 2, 1999, Wright was delivered into the custody of the Missouri Department of Corrections. On November 18, 1999, Wright filed a *pro se* Rule 24.035 motion for post-conviction relief. On December 7, 1999, Wright filed a second *pro se* motion for post-conviction relief, this time using a copy of Form 40. Both motions were assigned the case number CV 99227646. On January 10, 2000, the court appointed the public defender to represent Wright. On March 31, 2000, the motion court dismissed Wright's motion as untimely. The court's order refers to the wrong case number, but is captioned as *"Kendel Wright v. State of Missouri."*[2] The order states: "Now, on this 31st day of March 2000, before the court appears for the State, Rachel Peper and Steve Patton assistant appellate defender. Based upon the untimely filing of said petition, the above cause be and is hereby

dismissed with prejudice." This Court granted Wright's motion to file an appeal out of time. Wright brings this appeal.

■ In his only point on appeal, Wright argues that the motion court erred in dismissing his Rule 24.035 motion as untimely because his first motion was filed on time. The State agrees that the motion court erred because Wright's first motion was timely and states that the case should be remanded for the circuit court to consider Wright's first motion.

■ "The issue of timeliness is considered jurisdictional and must be addressed on appeal." *Unnerstall v. State,* 53 S.W.3d 589, 590 (Mo.App. E.D.2001). The time limits of Rule 24.035 are constitutional and mandatory. *Mitchell v. State,* 14 S.W.3d 672, 673 (Mo.App. E.D.2000).

■ Rule 24.035(b) sets out the requirements for filing a timely motion. According to the rule, if a defendant does not appeal the sentence sought to be vacated, "the defendant must file the Rule 24.035 motion within ninety days of the date the defendant is delivered to the custody of the department of corrections." *State v. Ralston,* 41 S.W.3d 620, 623 (Mo.App. W.D.2001); *Unnerstall,* 53 S.W.3d at 590–91. In addition, "[f]ailure to file a timely motion constitutes a complete waiver of any right to proceed under Rule 24.035." *Unnerstall,* 53 S.W.3d at 591.

Wright did not appeal his sentence. He was delivered into the custody of the Department of Corrections on September 2, 1999, giving him until December 1, 1999, to file a timely Rule 24.035 motion. Wright filed his first motion on November 18,

---

1. All statutory references are to RSMo 1994 unless otherwise noted.

2. The court's order lists the case number as CV97–29316. According to a docket sheet in the appendix of appellant's brief, this number

refers to an unrelated personal injury case that does not involve appellant. While the court's order spells Wright's first name as "Kendel," it is spelled "Kindel" in his pleadings.

1999. The motion was filed within the 90 day window allowed by Rule 24.035 and was, therefore, timely. Wright filed a second motion on December 7, 1999, which was five days after the 90 day window and was not timely. Wright's second motion also violates the rule's prohibition against successive motions. Rule 24.035(*l*); *See Edgington v. State*, 860 S.W.2d 389, 391 (Mo.App. W.D.1993).[3] As such, even if the motion had been timely filed, the motion court could not have considered substantive claims presented in the second motion. *Edgington*, 860 S.W.2d at 391. The State concedes, however, that Wright's first motion was timely and should be considered by the motion court.

Accordingly, the judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

All concur.

---

**3.** Rule 24.035 was amended in 1995. The subsection prohibiting successive motions was changed from 24.035(k) to 24.035(*l*).

*Edgington* refers to the earlier version of the rule.