Jerry DAVIS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 81704.

Missouri Court of Appeals, Eastern District, Division Four.

July 27, 2004.

---

Jerry Davis, Licking, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Jerry Davis ("Movant") appeals the denial of his Rule 24.035 motion as untimely. We dismiss the appeal.

Movant pled guilty as a prior and persistent offender to one count of burglary in the second degree. On July 22, 1998, he was sentenced to a total of 15 years imprisonment. Movant was delivered to the custody of the Department of Corrections for a period of 120 days pursuant to section 559.115 RSMo 1994. On December 28, 1998, Movant was recalled from the Department of Corrections and placed on probation. On December 13, 2001, Movant's probation was revoked and the balance of his sentence was executed. On February 20, 2002, Movant filed a *pro se* motion to vacate, set aside or correct the judgment and sentence pursuant to Rule 24.035. The trial court denied the motion as untimely.

 Movant's failure to file his Rule 24.035 post-conviction motion within 90 days[1] of his initial incarceration consti-

tutes a waiver of his right to proceed. *Jones v. State*, 2 S.W.3d 825, 826 (Mo.App. 1999). This is true even in cases where the judge retains jurisdiction pursuant to section 559.115. *Id.* Rule 24.035 contains no authority for extension of the deadline for filing a motion for post-conviction relief for any reason. *Leatherwood v. State*, 898 S.W.2d 109, 111 (Mo.App.1995).

 Movant's motion was filed nearly four years after he was initially delivered to the Department of Corrections. Thus, his motion was clearly untimely and neither the trial court nor this court has jurisdiction to consider the merits of his claims.

Appeal dismissed.

BOOKER T. SHAW, P.J., and PATRICIA L. COHEN, J., concur.

---

1. The rule currently in effect provides for 180 days. However, the amended rule became effective on January 1, 2003, well after Movant was initially incarcerated. His motion would not, in any event, be timely under the amended rule.