**Cecil E. HOPKINS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 43763.**

Missouri Court of Appeals, Western District.

Jan. 22, 1991.

Raymond L. Legg, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and BERREY and GAITAN, JJ.

MANFORD, Presiding Justice.

This is a direct appeal from the denial of post-conviction relief without a hearing sought pursuant to Rule 24.035. The judgment is reversed with directions.

Movant presents a sole point, which reads:

The motion court clearly erred in entering written findings of fact and conclusions of law denying appellant's motion for postconviction relief as not cognizable when appellant received a suspended execution of sentence and was placed on probation because appellant was delivered to the Department of Corrections in that the Board of Probation and Parole is constituted as a division of the Department of Corrections.

The pertinent facts are as follows:

On April 27, 1990, movant entered an *Alford* plea of guilty to passing a bad check, a class D felony. The trial court sentenced him on the same day to three years' imprisonment in the Missouri Department of Corrections, stayed execution of sentence, and placed movant on five years' supervised probation, with supervision to begin when movant had completed the prison term that he was currently serving on another unrelated conviction.

On June 4, 1990, movant filed a pro se Rule 24.035 motion while incarcerated in the Western Missouri Correctional Center in Cameron on the other conviction. In his motion, movant claimed that his conviction for passing a bad check violated his constitutional rights, asserting grounds of ineffective assistance of counsel, double jeopardy, and prosecutorial misconduct.

On July 25, 1990, the motion court denied movant's Rule 24.035 motion without determining the necessity of an evidentiary hearing and without issuing findings of fact and conclusions of law on movant's substantive claims. The motion court concluded that movant's motion was not cognizable because he had not been "delivered to the custody of the department of corrections" as required by Rule 24.035(a).

This appeal followed.

This appears to be a case of first impression upon the precise point presented by movant.

■ Disposition of this case depends on whether the circuit court may entertain the Rule 24.035 motion of a person whose probation is ordered to begin after serving a prison term on an unrelated conviction and who is currently incarcerated in Missouri on that unrelated conviction. This court decides the issue in the negative.

Rule 24.035(a) delineates the scope of the remedy:

**(a) Nature of Remedy—Rules of Civil Procedure Apply.** A person convicted of a felony on a plea of guilty and delivered to the custody of the department of cor-rections who claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure before the trial court is governed by the Rules of Civil Procedure insofar as applicable.

In designating who may seek post-conviction relief, Rule 24.035 and its companion Rule 29.15 abandoned the language of repealed Rule 27.26 which limited the remedy to "a prisoner in custody under sentence." Rule 29.15(a) extends the remedy to "a person convicted of a felony after trial." However, Rule 24.035(a) requires that "a person" be both "convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections."

The language and grammatical construction of the first sentence of Rule 24.035(a) implicitly require a Rule 24.035 movant to be delivered to the custody of the department of corrections on the same conviction challenged in the motion. When paraphrased, the first sentence of Rule 24.-035(a) indicates that, in order to seek Rule 24.035 relief, a person must (1) be convicted of a felony on a guilty plea, (2) be delivered to the custody of the department of corrections, and (3) claim the judgment or the sentence imposed to be unconstitutional or illegal. In setting forth its requirements, that same sentence contains repeated references to "the judgment of conviction," "the sentence," and "the sentence imposed." The use of the definite article "the", as opposed to the indefinite article "a", denotes the particular judgment or the particular sentence which resulted from a felony conviction on a guilty plea and delivery to

custody. The dual requirement of being "convicted of a felony ... and delivered to the custody ..." is linked by the conjunctive "and." The phrases beginning with "convicted" and "delivered" in addition to the clause beginning with "who" modify "a person." When read together, each component of the first sentence of Rule 24.035 necessarily relates to the same underlying conviction.

The subject matter, scope, and purpose of Rule 24.035 in its entirety focus on providing a post-conviction remedy for a specific conviction. Isolation of the delivery-to-custody requirement of Rule 24.035(a) from its context so as to allow filings by persons not delivered to custody on the same conviction challenged would lead to absurdity and create procedural confusion.[1]

■ This court determines that the movant prematurely filed his Rule 24.035 motion and that the motion court lacked authority to entertain that motion. Nothing fulfilled the requirement of being "delivered to the custody of the department of corrections" as imposed in Rule 24.035(a). Movant was incarcerated on an unrelated conviction; he had not been imprisoned on the conviction underlying his post-conviction claims; his probation on that underlying conviction had not commenced.

■ Although the motion court properly recognized the inapplicability of Rule 24.035(a) to movant's case, it clearly erred in denying the motion. The appropriate disposition of a prematurely filed motion is dismissal without prejudice. *See Houston v. State*, 772 S.W.2d 688, 689 (Mo.App. 1989). Post-conviction movants who attempt prompt filings of their motions should not be penalized. *See State v. White*, 798 S.W.2d 694 (Mo. banc 1990).

The cause is reversed and remanded to the motion court with directions to enter an order of dismissal without prejudice.

All concur.

---

1. In its order, the motion court recognized that no transcript of movant's guilty plea had been prepared because under Rule 24.03(b) the court reporter is required to prepare such transcript only when the sentence imposed requires incarceration. The unavailability of the guilty plea transcript could thwart compliance with the time limitations connected with the filing of the amended motion under Rule 24.035(f), determination of the necessity of a hearing under Rule 24.035(g), and issuance of findings of fact and conclusions of law under Rule 24.035(i).