**Jeffrey B. CLAMME, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 17192.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 29, 1991.

---

Susan L. Hogan, Asst. Appellate Defender, Office of State Public Defender, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant Jeffrey B. Clamme entered a plea of guilty to a charge of stealing, § 570.030, on March 13, 1985. Initially, he was placed on probation for five years and his sentence was suspended. Upon a probation violation, he was sentenced to imprisonment for seven years and the court suspended execution of that sentence. Finally, on June 1, 1988, upon another probation violation, the court ordered movant's sentence executed. On September 29, 1988, movant filed a motion for relief under Rule 24.035. On October 27, 1988, Public Defender S. Dean Price was appointed to represent movant. After repeated pro se demands by movant for some action, the following docket entry was made:

"7–27–90 Notice of Hearing filed. Case placed on September 12, 1990 Law Day Docket."

Without explanation, the next docket entry reads as follows:

"8–31–90 Case called, Movant by Atty. Pope. Respondent by A.P.A. Kays. Court reviews record and transcript and finds and orders the motion dismissed without hearing."

One of movant's points on appeal is that the dismissal of his motion must be reversed because he received ineffective assistance of counsel upon his motion. The state contends the dismissal was correct because sentence was pronounced before January 1, 1988, and the motion was not filed "on or before June 30, 1988" as required by Rule 24.035(*l*). At the time the docket entry was made, *Thomas v. State*, 808 S.W.2d 364 (Mo. banc 1991) had not been decided. That case involves circumstances similar to the circumstances in this case. In *Thomas*, at 365, the court held:

"We, therefore, hold that the time limitations imposed in Rule 24.035 begin to run when a person under sentence is delivered, physically, into the custody of the Department of Corrections."

The record does not show when movant was delivered, physically, into the custody of the Department of Corrections. That date can be determined upon remand. If the motion was timely filed, the motion court can proceed as directed by *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). If it is determined the motion was not timely filed, that finding shall be entered of record and the motion dismissed. The judgment of dismissal is reversed and the cause is remanded for further proceedings consistent with this opinion.

FLANIGAN, C.J., and SHRUM, P.J., concur.