**David McCAMPBELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 58512.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 10, 1991.

---

Ellen A. Blau, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, David A. McCampbell, pled guilty to one count of second degree murder, § 559.020, RSMo 1969, in the Circuit Court of St. Louis County, Missouri, pursuant to a plea bargain. On April 10, 1986, movant was sentenced to thirty years' imprisonment with this sentence to run concurrently with movant's sentences in the State of Florida. After completing his sentences in Florida, movant was delivered to the Missouri Department of Corrections on January 8, 1990.

On February 13, 1990, movant filed a *pro se* Rule 24.035 motion. An amended motion was filed on April 23, 1990. On April 25, 1990, the State filed a motion to dismiss movant's Rule 24.035 motion claiming that movant failed to file his motion within the time provided by the rule. The motion court sustained the State's motion and dismissed the case.

On appeal, this court followed *Fincher v. State*, 795 S.W.2d 505 (Mo.App., W.D.1990), and held that the movant's incarceration in Florida did not toll the filing period under Rule 24.035. Movant filed a motion for transfer to the Missouri Supreme Court and, on July 23, 1991, the Missouri Supreme Court granted transfer and then re-transferred the case to this court for reconsideration in light of *Thomas v. State*, 808 S.W.2d 364, (Mo. banc 1991).

In *Thomas*, the defendant pled guilty to sexual assault in the first degree and was sentenced to four years in the Department of Corrections. *Thomas*, 808 S.W.2d at 364. The trial court then suspended execution of the sentence and placed the defendant on probation. *Id.* Approximately one year later, the trial court revoked the defendant's probation and executed the four year sentence. *Id.* The defendant then filed a Rule 24.035 motion which was decided by the motion court on the merits. *Id.* at 365.

On appeal, the appellate court held that the defendant's Rule 24.035 motion was untimely because it was not filed within ninety days of the defendant's sentencing. *Id.* The appellate court, consequently, dismissed the appeal. *Id.*

The Supreme Court of Missouri disagreed with the appellate court's interpretation of the time limits set forth in Rule 24.035, holding that, rather than beginning to run at sentencing, "the time limitations imposed in rule 24.035 begin to run when a person under sentence is delivered, physically, into the custody of the Department of Corrections." *Id.*

It is clear from the facts in the present case that the movant was not placed into the custody of the Missouri Department of Corrections until January 8, 1990. Under *Thomas*, it was not until that date that the time limitations under Rule 24.035 began to run.

The decision of the motion court is reversed and remanded for further proceedings.

CRIST and AHRENS, JJ., concur.