Ronald PALERMO, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 44289.

Missouri Court of Appeals,
Western District.

Feb. 4, 1992.

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

ULRICH, Judge.

Ronald P. Palermo appeals from the final order denying his Rule 24.035 motion as untimely. Mr. Palermo contends that his Rule 24.035 motion was timely filed within ninety days of his delivery into the custody of the Missouri Department of Corrections. The decision of the motion court is reversed, and the case is remanded for further proceedings.

Mr. Palermo pleaded guilty on May 12, 1988, in Jackson County to five counts of second degree burglary and five counts of stealing property valued in excess of $150. As part of the plea arrangement, Mr. Palermo was to serve ten nine-year sentences as a persistent offender, each sentence to be served concurrently with the others and with sentences Mr. Palermo had been serving in Johnson County, Kansas.

On June 2, 1988, Mr. Palermo was delivered to the Kansas Department of Corrections. After serving his sentences in Kansas, appellant was returned to Missouri and placed in the custody of the Missouri Department of Corrections on April 13, 1990. Exactly ninety days later, on July 12, 1990, appellant filed a motion to vacate the judgment and sentences he received in Jackson County pursuant to Rule 24.035. The state filed a motion to dismiss appellant's Rule 24.035 motion as untimely. The motion court granted the state's motion, from which Mr. Palermo now appeals.

The issue in this case is when does the ninety day time period prescribed in Rule 24.035(b) for filing a post-conviction motion begin to run. Mr. Palermo argues that the ninety day deadline did not commence until he was physically delivered into the custody of the Missouri Department of Corrections. The state contends that because Mr. Palermo began serving the Missouri sentences when he was delivered into the custody of the Kansas Department of Corrections, the ninety day filing requirement began when Mr. Palermo was delivered into the custody of the Kansas Department of Corrections.

The court in *McCampbell v. State*, 816 S.W.2d 681 (Mo.App.1991), addressed this issue. The movant in *McCampbell* was sentenced in Missouri to thirty years' imprisonment, which sentence was to run concurrently with movant's sentences in the

State of Florida. *Id.* at 682. After completing his time in Florida, movant was delivered to the Missouri Department of Corrections. *Id.* The movant in *McCampbell* filed a Rule 24.035 motion within ninety days of his return to Missouri, but the court dismissed the motion as untimely. *Id.* The *McCampbell* court, relying on *Thomas v. State,* 808 S.W.2d 364 (Mo. banc 1991), reversed the motion court's order and held that " 'the time limitations imposed in Rule 24.035 begin to run when a person under sentence is delivered, physically, into the custody of the [Missouri] Department of Corrections.' " *Id.* (quoting *Thomas,* 808 S.W.2d at 365).

The decisions in *McCampbell* and *Thomas* are dispositive of Mr. Palermo's appeal. Therefore, the decision of the motion court is reversed, and the case is remanded for further proceedings.

All concur.