960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Danny RILEY, Appellant,
v.
James PURKETT, Appellee.
 No. 91-3005.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 8, 1992.
Filed: April 17, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Danny Riley, a Missouri inmate, appeals the district court's order dismissing without prejudice his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. We affirm.
 
 
 2
 While imprisoned for unrelated convictions, Riley pleaded guilty to possession of a prohibited article in a correctional facility. Riley received a five year sentence, to be served immediately after his preexisting sentences. While still serving his preexisting sentences, Riley filed this habeas petition challenging his conviction and future sentence for possession of a prohibited article. Riley did not file a motion for postconviction relief in state court under Missouri Supreme Court Rule 24.035.
 
 
 3
 Rule 24.035 allows persons convicted of felonies after guilty pleas to file a motion to vacate, set aside, or correct the sentence "within ninety days after the movant is delivered to the custody of the department of corrections." Riley filed his habeas petition more than ninety days after returning from court to custody. Nevertheless, the State asserted Riley failed to show he had exhausted all nonfutile state court remedies because the Missouri courts had not yet decided whether a defendant already in custody serving a preexisting sentence must file a Rule 24.035 motion within ninety days after returning from court to custody, or within ninety days after beginning to serve the sentence challenged in the motion. Concluding the Missouri state courts should decide whether Riley could seek relief under Rule 24.035, the district court dismissed Riley's petition without prejudice to allow Riley to file the motion in state court.
 
 
 4
 The Missouri Court of Appeals has held a Rule 24.035 motion filed before the movant begins serving the challenged sentence, but while the movant is imprisoned on an unrelated conviction, is premature. Hopkins v. State, 802 S.W.2d 956, 958 (Mo. Ct. App. 1991). Thus, Riley may file a Rule 24.035 motion when he begins serving the challenged sentence. See id. at 957-58. Because a state remedy is still available to Riley, we conclude the district court correctly dismissed his petition without prejudice. See Nottlemann v. Welding, 861 F.2d 1087, 1088-89 (8th Cir. 1988) (per curiam) (habeas petitioner's failure to exhaust state remedies warranted dismissal rather than stay of federal proceedings pending exhaustion of those remedies).
 
 
 5
 Accordingly, we affirm.