**Frank Eugene JOHNSTON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 17864.

Missouri Court of Appeals, Southern District, Division Two.

June 26, 1992.

Rehearing Denied July 9, 1992.

Janet M. Thompson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

On August 18, 1986, movant, Frank Eugene Johnston, entered *Alford* pleas of guilty to two counts of felony stealing. § 570.030. He was sentenced to imprisonment for three years on each count. Those sentences were ordered to run concurrently to each other and to sentences of imprisonment of movant in Kansas and Oklahoma. It was further ordered that movant be delivered to the Oklahoma authorities.

On April 26, 1991, movant filed a pro se motion to set aside the pleas and sentences of August 18, 1986. The motion contained rambling complaints of injustice. Construed favorably to movant, the only allegation of substance is that he did not freely and voluntarily enter his pleas of guilty because he was under the influence of drugs and could not think clearly. Counsel filed a motion for an extension of time to file an amended motion under Rule 24.035. The extension was granted, but no amended motion was filed. Movant filed a request for a hearing. The state filed a motion to dismiss movant's motion as untimely filed. A hearing was held upon those motions. It was agreed that movant was *never* physically delivered to the Department of Corrections and that by serv-

ing his sentence in Oklahoma, he served his sentences for three years resulting from the guilty pleas he attacks in his pending motion. The parties and the motion court treated that pleading as a motion under Rule 24.035. The motion court sustained the state's motion to dismiss. Movant appeals that dismissal.

■ Movant's sole point on appeal is:
"The motion court clearly erred in dismissing appellant's motion for postconviction relief pursuant to Missouri Supreme Court Rule 24.035, as untimely filed ... in that appellant should not have been deemed subject to the time limitations of Rule 24.035(*l*) because he has never been delivered to the Missouri Department of Corrections and thus the time for filing his postconviction relief motion has not yet begun to run."

Movant's contention that his motion should not have been dismissed because it was untimely filed may be conceded. Rule 24.035(b), in part, provides:
"The motion shall be filed within ninety days after the movant is *delivered to the custody of the department of corrections.*" (Emphasis added.)

In *Thomas v. State*, 808 S.W.2d 364 (Mo. banc 1991), the court held that a motion under Rule 24.035 was not barred by constructive custody.

"Although a concept of constructive custody can be found in the case law in other contexts, the language of Rule 24.035 is plain and not couched in terms of constructive custody. We, therefore, hold that the time limitations imposed in Rule 24.035 begin to run when a person under sentence is delivered, physically, into the custody of the Department of Corrections." *Id.* at 365.

Also see *Clamme v. State*, 814 S.W.2d 334 (Mo.App.1991); *McCampbell v. State*, 816 S.W.2d 681 (Mo.App.1991); *Hoover v. State*, 819 S.W.2d 97 (Mo.App.1991); *Palermo v. State*, 823 S.W.2d 151 (Mo.App.1992).

■ However, the action of the motion court is to be affirmed if correct, even though entered for the wrong reason. *Harry v. State*, 800 S.W.2d 111 (Mo.App. 1990). Rule 24.035(a) defines who is entitled to file a motion under that Rule.

"A person convicted of a felony on a plea of guilty and *delivered to the custody of the department of corrections ...* may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035." (Emphasis added.)

That is the same phrase used in establishing the time limitation upon filing a motion under that Rule. The language of Rule 24.035(a) is plain.

"When paraphrased, the first sentence of Rule 24.035(a) indicates that, in order to seek Rule 24.035 relief, a person must (1) be convicted of a felony on a guilty plea, (2) be delivered to the custody of the department of corrections, and (3) claim the judgment or the sentence imposed to be unconstitutional or illegal." *Hopkins v. State*, 802 S.W.2d 956, 957 (Mo.App. 1991).

Movant had no standing under Rule 24.035 and the motion was properly dismissed. The judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, J., concur.