Charles BARNA, Appellant,

v.

STATE of Missouri, Respondent.

No. 68898.

Missouri Court of Appeals,
Eastern District,
Division One.

April 2, 1996.

S. Paige Canfield, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Movant appeals dismissal of his motion for Rule 24.035 relief. Movant was sentenced as a prior, persistent and class X offender after a guilty plea on the charge of burglary in the first degree. The plea court imposed a ten year sentence to run concurrent with "all present sentences." Movant was immediately delivered into the custody of Florida authorities and will eventually be delivered to the Federal Department of Corrections to serve previously imposed sentences. Movant has never been in the custody of the Missouri Department of Corrections on the subject charge and sentence. On these undisputed facts the motion court sustained state's motion to dismiss for lack of jurisdiction.

In *Hopkins v. State*, 802 S.W.2d 956 (Mo. App.1991), the Western District of this court found as a matter law that Rule 24.035(a) requires a person be both "convicted of a felony on a plea of guilty and delivered to the custody of the Department of Corrections" on the same conviction challenged in the motion. *Id.* at 957. It held the motion court was without jurisdiction because movant Hopkins was not delivered to the Department of Corrections to serve a sentence imposed on the guilty plea from which he sought relief. His sentence on the guilty plea was suspended. He was delivered to the Department of Corrections to serve a sentence unrelated to the guilty plea. The court reversed and remanded a dismissal solely for the purpose of correcting the judgment of dismissal by adding that it was without prejudice.

In *Johnston v. State*, 833 S.W.2d 451 (Mo. App.S.D.1992), the Southern District of this court held a Rule 24.035 motion was not untimely filed because movant had never been physically delivered to the custody of the Missouri Department of Corrections. For the same reason it held movant lacked standing to obtain relief under the rule. It affirmed dismissal for lack of jurisdiction.

In *Self v. State*, 774 S.W.2d 576 (Mo.App. 1989), we considered movant's claim that the motion court erred in dismissing his motion on the ground he was "not a prisoner in this state." We observed Rule 24.035 did not contain the requirement of incarceration previously enforced under former Rule 27.26 and *Lalla v. State*, 463 S.W.2d 797 (Mo.1971). We did not decide this issue because the record was "extremely sparse." We noted counsel would have an opportunity on remand to supplement the record as to the custody issue and present it to the motion court.

We adopt the findings and conclusions of *Hopkins v. State* and *Johnston v. State*. However, we notice those opinions reflect the Missouri Supreme Court has not been asked to consider and decide this issue. We also notice that the result in the present case may delay a hearing on a Rule 24.035 motion which may be filed many months or years after a sentence is imposed. This possibility appears incompatible with the stated reason for adopting Rules 29.15 and 24.035 to avoid the delays in processing claims and prevent the litigation of stale claims which occurred under Rule 27.26. *Day v. State*, 770 S.W.2d 692, 693 (Mo. banc 1989).

The judgment of dismissal without prejudice is affirmed.

REINHARD, P.J. and GRIMM, J., concur.