Glen Edward McGOWAN,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 21328.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1997.

Rosalynn Koch, Asst. Public Defender, Columbia, for movant–appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jacqueline K. Hamra, Asst. Atty. Gen., Jefferson City, for defendant–appellant.

BARNEY, Judge.

Glen Edward McGowan (Movant) was convicted of second degree assault, section 565.060, after pleading guilty to stabbing Earl Stevenson fourteen times.[1] Movant was sentenced to a one-year term in the Dunklin County Jail to run concurrently with a seven-year sentence in the Missouri Department of Corrections for a conviction on an unrelated matter. Movant was then delivered to the Department of Corrections. Subsequently, Movant filed a Rule 24.035 motion for post-conviction relief to vacate, set aside, or correct his judgment or sentence.[2] The State filed a motion to dismiss Movant's motion for failure to state a claim. The motion court granted the State's motion to dismiss and entered its findings of fact and conclusions of law in support thereof. Movant appeals.

■ In Movant's sole issue on appeal, he argues that the motion court clearly erred in dismissing his motion "as improperly filed" because Movant's case was within the terms of Rule 24.035. The motion court found that because Movant was sentenced to the county jail, as opposed to the Missouri Department of Corrections, that Rule 24.035 could not afford Movant his supplicated relief.

■■ Our review of a court's judgment on a post-conviction relief motion is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 24.035(k); *State v. Chapman,* 936 S.W.2d 135, 141 (Mo.App.1996); *Keating v. State,* 870 S.W.2d 273, 275 (Mo.App.1994); *see also State v. Whitfield,* 939 S.W.2d 361, 369 (Mo. banc 1997). The motion court's judgment is clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that an error was made. *Chapman,* 936 S.W.2d at 141.

Movant argues that because he was physically delivered to the Missouri Department of Corrections following his sentence to the Dunklin County Jail that Rule 24.035 governs his post-conviction relief. Movant was delivered to the Department of Corrections for a conviction not related to the instant conviction giving rise to the county jail sentence he is now challenging.

Rule 24.035 provides that "[a] person convicted of a felony on a plea of guilty *and* delivered to the custody of the department of corrections ... may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035." Rule 24.035(a) (emphasis added).

Our courts have held that to permissibly challenge a conviction or sentence with a Rule 24.035 post-conviction motion, a movant must be (1) convicted of a felony, and (2) delivered to the custody of the Department of Corrections for the same conviction being contested. *Barna v. State,* 918 S.W.2d 417, 418 (Mo.App.1996); *Johnston v. State,* 833 S.W.2d 451, 452–53 (Mo.App.1992); *Hopkins v. State,* 802 S.W.2d 956, 957–58 (Mo.App. 1991). The language and grammatical construction of the first sentence of Rule 24.035(a) implicitly requires a Rule 24.035 movant to be delivered to the custody of the Department of Corrections on the same conviction challenged in the motion before relief may be requested under the provisions of Rule 24.035. *Hopkins,* 802 S.W.2d at 957.

In the instant matter, as previously noted, Movant was convicted of a felony and sentenced to the Dunklin County Jail. The fact that Movant is currently residing in the Missouri Department of Corrections is immaterial because his incarceration there is for an unrelated conviction. Therefore, because Movant was not delivered to the Department of Corrections for the conviction being challenged, the motion court properly dismissed his Rule 24.035 motion. *Id.*

The judgment is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. All rule references are to Missouri Court Rules (1997), unless otherwise indicated.