STATE of Missouri, Respondent,

v.

Derrick McKINZIE, Appellant.

No. 72984.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 7, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 27, 1998.

Henry W. Cummings, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Appellant, Derrick McKinzie, appeals from the denial of probation and the execution of his seventeen-year sentence following his removal from a long-term cocaine treatment program pursuant to Section 217.362 RSMo 1994.[1] In its brief to this court, the State urges that this appeal should be dismissed for lack of jurisdiction. We agree.

On November 8, 1993, Appellant pled guilty to the charge of distribution of a controlled substance near schools in violation of Section 195.214, a class A felony punishable upon conviction under Section 558.011.1(1). On January 14, 1994, Appellant received a Suspended Imposition of Sentence and was placed on two years' probation. On March 28, 1996, upon revocation of Appellant's probation, the court sentenced Appellant to seventeen years' imprisonment. Pursuant to Section 217.362, the court ordered Appellant to serve two years in a long-term, institutional cocaine treatment program. Section 217.362, "Chronic nonviolent offenders with cocaine addictions not convicted of dangerous felonies—long-term program for treatment" states in part:

2.... Notwithstanding any other provisions of law to the contrary, except as provided for in section 558.019, RSMo, if an offender is eligible and there is adequate space, the court may sentence a person to the program which shall consist of institutional drug treatment for a period of twenty-four months, as well as a term of incarceration. Execution of the offender's

1. All statutory references are to RSMo 1994 unless otherwise cited.

term of incarceration shall be suspended pending completion of said program. . . .

4. If it is determined by the department that the offender has not successfully completed the program, or that the offender is not cooperatively participating in the program, the offender shall be removed from the program and the court shall be advised. Failure of an offender to complete the program shall cause the offender to serve the sentence prescribed by the court and void the right to be considered for probation on this sentence.

Pursuant to this section, the court received a report from the Missouri Department of Corrections, Board of Probation and Parole, informing the court that Appellant had been discharged from the treatment program. The report also recommended that Appellant's seventeen-year sentence be executed. Pursuant to this report, the court denied Appellant probation and ordered the execution of his sentence. Appellant appeals from this order.

Because there is no right to appeal a trial judge's decision to deny probation, this court is without appellate jurisdiction to review the merits. *State v. Williams,* 871 S.W.2d 450, 452 (Mo.1994). Moreover, while Appellant is specifically complaining about his denial of a hearing prior to his removal from the treatment program, Section 217.362.4 does not require a hearing. Instead, this section mandates that "Failure of an offender to complete the program shall cause the offender to serve the sentence prescribed by the court and void the right to be considered for probation on this sentence." Accordingly, this appeal is dismissed.

SIMON and HOFF, JJ., concur.