**Alfred MORRIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 77139.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 22, 2000.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Alfred Morris ("Movant") appeals the denial by the St. Louis County Circuit Court of his Rule 24.035 motion for post-conviction relief as untimely. Movant contends his Rule 24.035 motion was not filed out of time as he filed the motion within ninety days after he was remanded to the Department of Corrections to serve his sentence. Movant also contends the motion court erred in denying the motion without an evidentiary hearing as he was denied his right to effective assistance of counsel because his attorney misled him into believing he was eligible for long-term drug treatment. We affirm.

On July 13, 1995, movant was charged with one count of delivery of a controlled substance, section 195.211 RSMo (1994).[1] Movant pleaded guilty to the charge, and on July 23, 1998, he was sentenced to ten years in the Department of Corrections. Movant's sentence was pronounced pursuant to section 217.362 RSMo (1994), which provides, through the Department of Corrections, an intensive two-year rehabilitation program for the treatment of chronic nonviolent offenders with serious substance abuse problems. If the participant successfully completes the program, he or she may then be eligible for probation. Section 217.362.3 RSMo (1994). At the sentencing hearing, the trial court explained that if the Department of Corrections determined movant was not eligible for the substance abuse program, he would be required to "do the time." Movant indicated he understood this condition. The trial court also explained to movant his rights to proceed under Rule 24.035. Movant indicated he understood these rights.

Movant was originally delivered to the Department of Corrections on July 30, 1998. Movant arrived at the Farmington Treatment Center on September 17, 1998 to begin the two-year treatment program for cocaine dependents on September 21. On December 31, 1998, movant was "negative[ly] terminated" from the Farmington Treatment Center program. As a result, he was transferred to the Fulton Reception and Diagnostic Center, a state prison, for placement.

On March 29, 1999, movant filed a pro se motion for post-conviction relief under Rule 24.035. Counsel was appointed and filed an amended motion to vacate, set aside, or correct the judgment. A request for a hearing was denied, and on October 14, 1999, the motion court held movant's failure to file a timely motion constituted a complete waiver of the right to proceed under Rule 24.035. The motion court denied movant's motion as untimely filed. This appeal follows.

Movant's first point on appeal asserts the motion court erred when it denied movant's Rule 24.035 post-conviction motion as untimely. He claims that since he was sentenced pursuant to section 217.362 RSMo (1994), his term of imprisonment was suspended pending the completion, successful or unsuccessful, of the long-term drug treatment program. As a result, he asserts that since he filed his pro se post-conviction motion within ninety days of the denial of his request for release pursuant to section 217.362, his motion was timely filed.

A person seeking relief pursuant to Rule 24.035 shall file the motion within ninety days of the date the person is delivered to the custody of the department of corrections. Rule 24.035(b). The time limitations start to run upon a movant's *initial* delivery to the custody of the department of corrections. *Hall v. State*, 992 S.W.2d 895, 897 (Mo.App.1999) (emphasis added). The Rule 24.035 time limits are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo.1989).

---

**1.** This statute has since been amended; changes are included in the 1999 Cumulative Supplement.

■ Movant was initially delivered to the Department of Corrections on July 30, 1998. He was then placed in an intensive long-term program for cocaine addicts designed and implemented by the Department of Corrections. *See* section 217.362.1 RSMo (1994). Although movant's term of incarceration was suspended during his involvement in the program, his delivery to the Department of Corrections nevertheless triggered the running of the ninety-day time limit for the filing of a Rule 24.035 motion. Consequently, the filing of his pro se motion on March 29, 1999 was out of time.

Movant's reliance upon *Hopkins v. State*, 802 S.W.2d 956 (Mo.App.1991), which states that one who has been convicted under a guilty plea must file his pro se Rule 24.035 motion within ninety days of being remanded to the Department of Corrections *to serve the sentence on the conviction he is challenging*, is misplaced. *Hopkins* involved a defendant who, while serving a sentence on an unrelated conviction, was sentenced to three years' imprisonment in the Missouri Department of Corrections. *Id.* at 957. The execution of this second sentence was suspended, and the trial court placed the defendant on five years' supervised probation for the second conviction. *Id.* When the defendant filed a Rule 24.035 motion concerning the second conviction and sentence, the appellate court ultimately found the motion was premature, as "[n]othing fulfilled the requirement of being 'delivered to the custody of the department of corrections,'" and defendant "had not been imprisoned on the conviction underlying his post-conviction claim." *Id.* at 958. In the case at bar, movant had been delivered to the Department of Corrections as a result of the conviction and sentence on the count of delivery of a controlled substance; as a result, *Hopkins* is inapplicable to movant's situation.

Because the motion was filed out of time, we need not address movant's second point on appeal. The judgment of the motion court is affirmed.

WILLIAM H. CRANDALL Jr., J., concurs.

JAMES R. DOWD, J., concurs.