Ronald HUFFMAN, Appellant,

v.

MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.

No. WD 59424.

Missouri Court of Appeals, Western District.

Submitted April 6, 2001.

Decided May 7, 2001.

Ronald Huffman, Appellant pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, P.J., SMART, and HOWARD, JJ.

**PER CURIAM:**

Appellant Ronald Huffman contends that the court erred in dismissing his petition for declaratory judgment. He sought a declaration that his rights had been violated by the Missouri Department of Corrections in finding him guilty of possession of drug paraphernalia, terminating his participation in a drug treatment program, and in ordering the execution of his previously suspended sentence. The judgment of the trial court dismissing the petition is affirmed.

On June 14, 1999, Huffman pleaded guilty to certain drug offenses and was ordered to participate in a long-term drug treatment program pursuant to § 217.362 RSMo 1994. On February 2, 2000, a conduct violation notice was issued by the Missouri Department of Corrections after a recipe for the creation of methamphetamine was found in his possession. On February 17, 2000, appellant was found guilty of violation of MoDoc Rule No. 11, which apparently forbids possession of drug paraphernalia. Huffman's participation in the long-term drug treatment program was terminated. Pursuant to the terms of the statute, he then began serving the fourteen-year sentence imposed on him at his sentencing.

On August 4, 2000, Huffman filed a declaratory judgment action in which he contended that his due process rights had been violated because the evidence did not establish his guilt of the alleged offense of possession of drug paraphernalia, and because the Department of Corrections acted without authority in ordering his sentence executed. On August 18, 2000, his petition was dismissed for failure to state a claim upon which relief may be granted. On November 9, 2000, appellant was allowed leave to file his appeal out of time.

In his first point relied on, appellant states:

JUDGE KINDER CLEARLY ERRED IN DISMISSING THE APPELLANT'S PETITION FOR DECLARATORY JUDGMENT IN THAT, AS A MATTER OF LAW, APPELLANT WAS ENTITLED TO A DECLARATORY JUDGMENT THAT THE MISSOURI DEPARTMENT OF CORRECTIONS VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS IN FINDING THE APPELLANT GUILTY OF POSSESSION WHEREIN THE EVIDENCE PRESENTED WAS INSUFFICIENT TO ESTABLISH THOSE ELEMENTS ESSENTIAL TO THE CHARGE.

 The nature of Huffman's initial point is a claim that the evidence was insufficient to establish his guilt. He claims on appeal that the alleged recipe was not adequate to successfully produce methamphetamine. Huffman evidently desires this court review the evidence[1] considered by the Missouri Department of Corrections. However, we have no jurisdiction to do so. There is no right to a hearing prior to removal from the treatment program,[2] and, correspondingly, no right of appeal. *State v. McKinzie,* 968 S.W.2d 160, 161 (Mo.App.1998). There is therefore no right of review by way of an action for declaratory relief. Point is denied.

In his second point, the appellant sets forth the following:

JUDGE KINDER CLEARLY ERRED IN DISMISSING THE APPELLANT'S PETITION FOR DECLARATORY JUDGMENT IN THAT, AS A MATTER OF LAW, APPELLANT WAS ENTITLED TO A DECLARATORY JUDGMENT THAT THE MISSOURI DEPARTMENT OF CORRECTIONS VIOLATED APPELLANT'S DUE PROCESS RIGHTS IN ORDERING PROSECUTION OF A PREVIOUSLY–SUSPENDED SENTENCE. WHEREIN THE SENTENCING COURT HAS THE EXCLUSIVE AUTHORITY TO MAKE SUCH AN ORDER.

Huffman recognizes that under § 217.362 RSMo 1994, the execution of the previously-suspended sentence is required when an offender fails to complete the drug treatment program. He argues, however, that the department is not vested with the authority to order the execution of sentence. Appellant cites the separation of powers provisions of Missouri's constitution and sections 557.036 and 559.100 RSMo 1994. Huffman argues that only the circuit court imposing the sentence has the authority to revoke its previous order suspending execution of sentence. Appellant cites *State ex rel. Dunn v. Dalton,* 793 S.W.2d 157 (Mo.App.1990) and *Chastain v. Chastain,* 932 S.W.2d 396, 399 (Mo. banc 1996), and § 557.036 RSMo, 1999. *Dunn* holds that the judge who placed an individual on probation is the proper judicial officer to preside at a revocation hearing. *Chastain* holds that § 454.496.6 is unconstitutional to the extent that it permits presumed judicial approval of administrative modifications of child support orders. Section 557.036 is the statute governing sentencing. This matter, however, is governed by § 217.362.

1. The only information in the legal file is a "conduct violation report." Most of the report is unintelligible. The only parts we can interpret are the part in which appellant was interviewed, and the part containing the recommendation of the committee.

2. It appears, however, that appellant was provided an informal hearing, with an opportunity to present his own explanation as to the circumstances.

Section 217.362 provides in pertinent part as follows:

If it is determined by the department that the offender has not successfully completed the program, or that the offender is not cooperatively participating in the program, the offender shall be removed from the program and the court shall be advised. Failure of the offender to complete the program shall cause the offender to serve the sentence prescribed by the court and void the right to be considered for probation on this sentence.

Section 217.362.4 RSMo 1994.

Huffman contends here that it was the Department of Corrections, and not the judge, who terminated the suspension of the sentence and ordered the sentence executed. Appellant claims that the Department of Corrections has no authority to order the sentence executed.

■ The record does not support Huffman's contention that it was the Department who ordered appellant to serve the sentence prescribed by the court. We have been furnished no "order" issued by the Department of Corrections. We would ordinarily assume the Circuit Court, on being informed of his removal from the program, ordered the sentence executed. However, in this case, because the petition was dismissed for failure to state a claim, we must assume the factual allegations of his petition are true. Therefore, we must assume that the Department of Corrections issued an order that the sentence be executed.

We note that the legislature left no discretion as to whether the sentence is to be executed. The statute says the failure to complete the program "shall cause the offender to serve the sentence...." § 217.362. In view of the fact that the Huffman admits that his participation in the program was terminated, and in view of the fact that the statute requires that he serve the sentence, and in view of the fact that he acknowledges that he is now serving the sentence, we fail to see how appellant can complain of the dismissal of his claim for declaratory relief. He fails to plead facts showing that any rights of due process were violated in view of the fact that the court would have no discretion in the matter. Huffman does not argue that it is unconstitutional for the legislature to withhold from the trial judge any discretion as to whether to deny probation at that point. He argues merely that it is a violation of due process for the Department of Corrections to order the sentence executed instead of the court doing so. Huffman therefore demonstrates no need for any declaratory relief. Point is denied.

### Conclusion

We hold that the trial court did not err in dismissing appellant's petition for declaratory relief. Judgment is affirmed.