**Harold SEARCY Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 60622.**

Missouri Court of Appeals,
Western District.

Feb. 11, 2003.

Motion for Transfer to Supreme Court
Denied
April 1, 2003.

Application for Transfer Denied
May 27, 2003.

Emmett D. Queener, State Public Defender Office, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris, Nicole E. Gorovsky, Asst. Atty. Gen., for Respondent.

RONALD R. HOLLIGER, Judge.

Harold Searcy pleaded guilty in the Circuit Court of Randolph County to one count of possession of a controlled substance with intent to deliver and one count of production of a controlled substance.

The circuit court denied his Rule 24.035 motion after an evidentiary hearing. This appeal follows. Searcy raises two points on appeal. The State, however, contends that Searcy's motion was not timely filed and, thus, this court does not have jurisdiction to review his claim. This issue turns on whether his sentence to the long-term drug treatment program under RSMo. 217.362 constituted a delivery to the department of corrections that triggered the ninety-day period for filing a motion under Rule 24.035. We hold Searcy's commitment to the long-term drug treatment program did constitute delivery to the department of corrections for purposes of Rule 24.035. As a result, because Searcy's post-conviction motion was untimely filed, the trial court had no jurisdiction. We, therefore, reverse and remand with directions to dismiss the Rule 24.035 motion.

## Facts

The State charged Harold Searcy with one count of possession of a controlled substance with intent to deliver and one count of production of a controlled substance. On May 15, 1997, Searcy entered pleas of guilty to the two charges. The court imposed concurrent sentences of ten years in the department of corrections, but suspended execution of the sentences and placed Searcy on probation for five years.

On December 2, 1998, the trial court revoked Searcy's probation and executed the sentences. The court directed Searcy to be committed to the long-term treatment at the department of corrections pursuant to RSMo § 217.362. He successfully completed the program and was again placed on probation.

Searcy's probation was revoked again on November 28, 2000, and he was committed to the department of corrections to serve his sentences. Searcy filed a *pro se* Rule 24.035 motion on February 9, 2001. Coun-

sel was appointed to represent Searcy, and on May 18, 2001, filed an amended motion for relief. On June 28, 2001, the motion court held an evidentiary hearing, and on September 20, 2001, the court denied Searcy's motion. This appeal follows.

## Points on Appeal

Searcy contends that the motion court clearly erred in denying his Rule 24.035 motion because his guilty pleas were invalid and the plea court's acceptance of them violated his right to due process of law. He contends that there was no adequate foundation to support the guilty pleas because the State's recitation of the facts failed to prove that Searcy possessed methamphetamine with the intent to distribute and failed to prove knowing possession and control of the premises where the manufacturing materials were found.

The State's only argument is that this court should not review the denial of Searcy's Rule 24.035 motion because his motion was filed more than three years after he was delivered to the Department of Corrections to the long-term drug treatment program. The State argues that under the plain language of Rule 24.035(b), the suspended execution of Searcy's sentence while he underwent long-term drug treatment in the custody of the department of corrections does not alter the time from which the limitation period is measured.

## Standard of Review

■ "Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *State v.*

*Fanning,* 939 S.W.2d 941, 948 (Mo.App. 1997).

## Jurisdiction

■ Before the merits of Searcy's appeal can be discussed, we must address the State's contention that we are without jurisdiction to hear his appeal. The State contends that appellant's Rule 24.035 motion was not timely filed and, thus, the trial court was without jurisdiction to hear the appellant's motion and should have dismissed it as being untimely. This issue is jurisdictional and must be addressed on appeal. *Hall v. State,* 992 S.W.2d 895, 897 (Mo.App.1999).

■ Under Rule 24.035(a), "A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections ... may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035." To permissibly challenge a conviction or sentence with a Rule 24.035 post-conviction motion, a movant must be (1) convicted of a felony, and (2) delivered to the custody of the department of corrections for the same conviction being contested. *See Barna v. State,* 918 S.W.2d 417, 418 (Mo.App.1996); *Johnston v. State,* 833 S.W.2d 451, 452–53 (Mo.App. 1992); *Hopkins v. State,* 802 S.W.2d 956, 957–58 (Mo.App.1991); *McGowan v. State,* 949 S.W.2d 657, 658 (Mo.App.1997).

■ Under Rule 24.035(b), a movant must file his motion within ninety days after his delivery to custody. Failure to comply with the time provisions of Rule 24.035 constitutes a complete waiver of any right to proceed under the rule. *See Partridge v. State,* 848 S.W.2d 550, 551 (Mo. App.1993). The time limitations imposed by Rule 24.035 begin to run when a person under sentence is delivered, physically, to the department of corrections. *See Thomas v. State,* 808 S.W.2d 364, 365 (Mo. banc 1991). The Rule 24.035 time limits are valid and mandatory. *See Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).

On December 2, 1998, Searcy's probation was revoked. The trial court directed Searcy to be committed to the department of corrections' long-term treatment program under RSMo § 217.362. The record does not indicate when Searcy was delivered to the program. Apparently, he completed the treatment program and after completion was placed on probation on May 3, 2000. He was again incarcerated in the department of corrections after his probation was revoked on November 28, 2000. This Rule 24.035 motion was filed within ninety days of this date.

The State argues that for purposes of Rule 24.035 the ninety-day time limit for Searcy to file a motion began running when he was committed to the department of corrections' long-term treatment program sometime after December 2, 1998. Searcy argues that the ninety-day time limit did not begin running until he was finally incarcerated in the department of corrections on November 28, 2000. Under RSMo § 217.362, the department of corrections is required to design and implement an intensive long-term program for the treatment of chronic nonviolent offenders with cocaine addictions who have not pleaded guilty to or been convicted of a dangerous felony.[1] The statute also requires that "[e]xecution of the offender's term of incarceration shall be suspended pending completion of said program." RSMo § 217.362.2. Upon successful completion of the program, the board of probation and parole may advise the sentencing court of the eligibility of the individual for probation.

---

1. A search in the Missouri Regulations indicated that there are no regulations for this statute.

Searcy argues that there is some conflict between the rule in *Thomas* that the ninety day time limit imposed by Rule 24.035 begins to run when a person under sentence is physically delivered to the department of corrections and § 217.362, which requires that execution of the term of incarceration "shall be suspended pending completion of said program." *See Thomas* at 365 and § 217.362.2. A person could "physically" be in the custody of the department of corrections when in the long-term treatment program under § 217.362, yet, the execution of his sentence be suspended. Generally, a case involving the suspension of execution of sentence is one in which the court pronounces a sentence and then suspends its sentence placing the person on probation. *See State v. Bachman*, 675 S.W.2d 41, 46 (Mo.App.1984). Under *Thomas*, the status of probation is not the equivalent of being in the physical custody of the department of corrections. 808 S.W.2d at 365.

In *Morris v. State*, 25 S.W.3d 649, 650 (Mo.App.2000), the Eastern District found that Morris was delivered to the department of corrections on July 30, 1998, and then was sent to the long-term treatment program on September 17, 1998, to begin treatment. The court held that although Morris's term of incarceration was suspended during his involvement in the program, "his delivery to the Department of Corrections nevertheless triggered the running of the ninety-day time limit for filing of a Rule 24.035 motion." *Id.* at 651. The *Morris* court focused on the defendant's delivery to the department of corrections as the event that started the ninety-day time limit.

RSMo § 217.362 indicates that the treatment program is to be designed and implemented by the department of corrections. The department is also to establish by regulation the eligibility criteria for the program. Under subsection 3, if the program is successfully completed, the court is required to hold a hearing to determine "as to the fitness of the offender to be placed on probation." In addition, if an offender successfully completes the program before the end of the twenty-four month period, "the department may petition the court and request that probation be granted immediately." It is clear from the statute that once the program is successfully completed, the individual is not automatically returned to probation.

Furthermore, under § 217.362.4, if the offender does not successfully complete the program, he is required to serve his sentence. "Failure of an offender to complete the program shall cause the offender to serve the sentence prescribed by the court and void the right to be considered for probation on this sentence." Section 217.362.4. The trial court does not have discretion in this matter. *See Huffman v. Mo. Dep't of Corr.*, 45 S.W.3d 546, 549 (Mo.App.2001); *see also State v. McKinzie*, 968 S.W.2d 160, 161 (Mo.App.1998).

In addition to the long-term treatment program under § 217.362, the General Assembly created non-institutional and institutional post-conviction drug treatment programs. *See* RSMo § 217.785. In § 217.785, the language is clear that an offender may be assigned to the institutional phase of the program "as a special condition of probation, without the necessity of formal revocation of probation." If the offender fails to complete the program, the individual has to be brought before the court "for consideration of revocation of the probation or other authorized disposition." Section 217.785.

Compared to § 217.785 where treatment is a condition of probation, § 217.362 is a treatment program in which probation is revoked and the individual is placed in the custody of the department of corrections for treatment and upon successful comple-

tion, the person may be returned to probation if the trial court so determines after a hearing.

The appellant argues that because his term of imprisonment was suspended while he was in long-term treatment, he was not delivered to the department of corrections for the purposes of serving his sentence. As a result, he argues that his ninety-day time limit did not begin to run. The language in § 217.362 that the "[e]xecution of the offender's term of incarceration shall be suspended pending completion of said program" does indicate that while in treatment one is not serving a sentence of incarceration. Yet, the statute also indicates that when one is in this treatment program, his probation has been revoked and he is in the custody of the department of corrections. He is not eligible for probation unless he successfully completes the program. Then, the court must hold a hearing to determine whether the offender is fit to be placed on probation. Even if we were to consider whether Rule 24.035 involves both delivery to the physical custody and delivery to the legal custody of the department of corrections, both conditions would be satisfied here.

Searcy filed his Rule 24.035 motion on February 9, 2001, over two years after he was ordered to participate in the department of corrections' long-term drug treatment program. Neither the trial court nor we have jurisdiction. The appeal is dismissed and the cause remanded with directions that the trial court enter an order dismissing Searcy's Rule 24.035 motion as untimely filed.

ROBERT G. ULRICH, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.