

# In the
# Missouri Court of Appeals
# Western District

STACEY I.M. MOREHEAD,

         Appellant,

v.

STATE OF MISSOURI,

         Respondent.

WD82925

OPINION FILED:

OCTOBER 6, 2020

**Appeal from the Circuit Court of Chariton County, Missouri**
**The Honorable Terry A. Tschannen, Judge**

**Before Division Two: Karen King Mitchell, Presiding Judge, Anthony Rex Gabbert, Judge,**
**W. Douglas Thomson, Judge**

Stacey Morehead appeals the denial of her Rule 24.035 motion for post-conviction relief. She claims the trial court clearly erred because her plea counsel's performance was deficient and prejudicial. We dismiss this appeal and remand the cause to the motion court with directions to enter an order dismissing Morehead's motion as untimely.

## Facts

On November 10, 2015, Stacey Morehead was charged with three counts of the class B felony of selling of a controlled substance, section 195.211, RSMo. On February 12, 2016, Morehead pleaded guilty to two counts of selling a controlled substance and the third count was

dismissed. The court sentenced Morehead to consecutive sentences of seven years on each count but suspended execution of those sentences and placed Morehead on probation.

A special condition of Morehead's probation required her to enroll in and successfully complete the Ninth Circuit Treatment Court Program. On September 21, 2016, the court found Morehead in violation of her treatment court obligations and amended Morehead's probation to require her to immediately complete a court ordered detention sanction ("CODS") pursuant to section 559.036.[1] Morehead was remanded to the custody of the Sheriff of Chariton County who was ordered to transport Morehead to the Department of Corrections.

On July 6, 2017, Morehead again appeared before the court for a probation violation hearing because she was unsuccessfully discharged from the Ninth Circuit Treatment Court Program. Morehead admitted her violation, and the court revoked her probation and executed her sentences. Morehead was delivered to the Department of Corrections on July 7, 2017.

Morehead filed a pro se Rule 24.035 motion for post-conviction relief on September 5, 2017. Counsel filed an amended motion on March 12, 2018. In her post-conviction motion, Morehead claimed: (1) her plea counsel misadvised her about the risks in seeking a change of judge; (2) her plea counsel failed to advise her about conflicts of interest he had as a result of his representation of various other people in Chariton County; and (3) the prosecutor in her case had a conflict of interest.

The motion court found the Rule 24.035 motion to be timely filed and held an evidentiary hearing on April 4, 2019. The motion court's judgment found Morehead's arguments unpersuasive and denied the post-conviction motion in its entirety. This appeal follows.

---

[1] The applicable version of section 559.036 was in effect from August 28, 2013 through December 31, 2016.

**Analysis**

"Missouri Supreme Court Rule 24.035 is designed to ensure that a movant receives a single—but meaningful—opportunity for timely post-conviction relief." *Whitfield v. State*, 435 S.W.3d 700, 701 (Mo. App. E.D. 2014). The version of Rule 24.035(b) applicable to the current case provided that "[i]f no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."[2] Morehead acknowledges in her brief that, although the motion court found her motion to be timely, it was not filed until nearly a year after she was ordered to complete a 120 day CODS program. Morehead further acknowledges that the Eastern District of this court has determined that delivery to a CODS program counts as delivery to the Department of Corrections for purposes of determining timeliness of an amended post-conviction motion. *See Gatling v. State*, 588 S.W.3d 887, 888-89 (Mo. App. E.D. 2019); *Miley v. State*, 559 S.W.3d 97, 99 (Mo. App. E.D. 2018).

Morehead respectfully argues, however, that this court should decline to follow those Eastern District decisions. She notes that she was not sentenced to CODS but instead was ordered to do CODS as a condition of her probation. Morehead relies on *Searcy v. State*, 103 S.W.3d 201 (Mo. App. W.D. 2003), where the court held that the clock began running for Rule 24.035 purposes when the movant was committed to the long-term treatment program under section 217.362. *Id*. at 206. Specifically, Morehead focuses on a sentence where the *Searcy* court observed that there is a distinction between section 217.362, which "is a treatment program in which probation is

---

[2] The Missouri Supreme Court amended Rule 24.035, effective January 1, 2018. The rule now provides if no appeal of the judgment or sentence is taken "the motion shall be filed within 180 days of *the date the sentence is entered*." Rule 24.035(b) (emphasis added).

revoked and the individual is placed in the custody of the department of corrections," and section 217.785, "where treatment is a condition of probation." *Id*. at 205-06. She reads that sentence as *Searcy* implying that a person being sent to treatment as a condition of probation would not trigger the 180 day clock. She asks this court to apply that implication to the current case which involves section 559.036. Morehead concludes that the Eastern District failed to take this implication in *Searcy* into account when holding that a CODS program counted as delivery to the Department of Corrections.

Rule 24.035 clearly stated that "the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Morehead was delivered to the Department of Corrections for the CODS pursuant to section 559.036. Multiple cases, decided after *Searcy*, have held that the 180 day time limit begins to run when a movant is first delivered to the Department of Corrections to complete a CODS program under the same circumstances as the current case. *See Gatling*, 588 S.W.3d at 888 ("The Board of Probation and Parole subsequently filed several reports stating that Movant was violating his probation. On February 18, 2016, the trial court continued Movant's probation but ordered Movant to participate in a Court Ordered Detention Sanction (CODS) 120-day program pursuant to Section 559.036."); *Miley*, 559 S.W.3d at 99 ("In November 2015, Miley again violated his probation. Pursuant to § 559.036.4, the court ordered Miley to complete the 120-day Court-Ordered Detention Sanctions (CODS) program, and Miley was delivered to the Missouri Department of Corrections (DOC)."); *Bergner v. State*, 568 S.W.3d 547, 549 (Mo. App. E.D. 2019) ("On December 23, 2016, Bergner appeared before the court to face allegations that he had violated his probation. The court declined to revoke Bergner's probation. However, the court imposed against Bergner a court-ordered detention sanction (CODS) under § 559.036.4."); *Edwards v. State*, 484 S.W.3d 847, 848 (Mo. App. E.D.

4

2016) ("Edwards violated the terms of his probation, and on September 7, 2012, the court ordered Edwards to be placed in a 120–day program with the Missouri Department of Corrections pursuant to section 559.036."); *Leigh v. State*, 551 S.W.3d 76, 77–78 (Mo. App. E.D. 2018) ("Leigh subsequently violated his probation. The plea court imposed a court ordered detention sanction, pursuant to Section 559.036, and ordered Leigh to participate in a 120-day program with the DOC. … Leigh completed the 120-day program, and the DOC released Leigh back on probation."). We decline to find that those cases were wrongly decided.

Moreover, Morehead reads *Searcy* as implying that the 180 day time limit would not start in the scenario where the movant was ordered to receive treatment as a condition of his probation under section 217.785. The Southern District recently addressed that question in *Young v. State*, SD 36448, 2020 WL 4915042 (Mo. App. S.D. Aug. 21, 2020). It held that the 180 day time limit did start in that scenario and stated:

> Our decision here is consistent with the well-established law that the time limitation for filing a Rule 24.035 motion begins to run upon the movant's initial delivery into the custody of [the Department of Corrections] even when the movant is remanded to enter a long-term drug treatment program and is released on probation at its completion.

*Id.* at *4. Thus, the alleged *Searcy* implication has been refuted by a Missouri appellate court.

Cases have consistently held, and Rule 24.035 requires, that the 180 day time limit begins to run when the movant is delivered into the custody of the Department of Corrections. This is true even if that custody is for purposes of treatment. "Failure to comply with the time provisions of Rule 24.035 constitutes a complete waiver of any right to proceed under the rule." *Searcy*, 103 S.W.3d at 204. "The Rule 24.035 time limits are valid and mandatory." *Id.* Morehead's Rule 24.035 motion was not timely.

## Conclusion

Morehead's Rule 24.025 motion was untimely, and she thus waived the right to proceed under Rule 24.035. Accordingly, we dismiss this appeal and remand the cause to the motion court with directions to enter an order dismissing Morehead's motion as untimely.


_____
Anthony Rex Gabbert, Judge


All concur.